ZIMMERMAN *v.* WESTERN & SOUTHERN FIRE INSURANCE
COMPANY.

## Opinion delivered December 20, 1915.

1.  CORPORATIONS—LIABILITY OF DIRECTOR—LIMITATIONS.—The liability
    of the director of a corporation under Kirby's Digest, § 863, is
    barred by the three year statute of limitations.

2.  CORPORATIONS—OFFICE OF DIRECTOR—ACCEPTANCE.—There must be an
    acceptance of the office of director before any liability can flow
    from the failure to discharge the duties of the office.

3.  CORPORATIONS—DIRECTOR—RESIGNATION.—A director of a corporation
    may resign at any time, and no formal acceptance of the resigna-
    tion is required.

4.  CORPORATIONS—DIRECTORS—REFUSAL TO SERVE.—Appellant had been
    acting as a director in a banking corporation, but notified the offi-
    cers that he proposed to resign and would serve as a director no
    longer. *Held,* appellant would not thereafter be treated as a di-
    rector, when he no longer acted as a director, although he was
    re-elected as a director for several years thereafter.

5.  CORPORATIONS—ACT OF OFFICERS—ULTRA VIRES—LIABILITY OF DIRECTORS.
    —Where the president and cashier of a bank purchased stock in
    appellee company, without knowledge or consent of the directors
    of the bank, the act being *ultra vires* and void, the directors of the
    bank can not be held liable for it.

Appeal from Benton Chancery Court; *T. H. Hum-
phreys,* Chancellor; reversed in part, and affirmed in part.

*Williams & Williams* and *McGill & Lindsey,* for ap-
pellants.

1.  Zimmerman was not a director after April 15,
1906. We submit the following on the question of minutes
as evidence. Abbotts Trial Ev. (2 ed.), 57-67; 62 Ark. 33;
7 R. C. L., § 124; 5 N. J. Sec. 137. If he was elected, an
acceptance was necessary. 2 Cook on Corp., § 624; 10
Cyc. 740. He had no knowledge of his election and could
not be held liable. 110 Ark. 39. No form of resignation
is necessary, nor is it necessary that the resignation be
accepted. 2 Cook on Corp., § 624; 174 N. Y. 247; 95 A. S.
R. 574, and notes 578-9; 141 U. S. 132; 77 N. Y. 378. The
action of Zimmerman rebutted any presumption of an
intention to accept or to hold over, and he was not bound
to give notice. Notes to 95 A. S. R. 578-9; 81 N. Y. 46;
10 Cyc. 740; 34 Vt. 371; 80 Am. Dec. 688.

At common law a director was not bound to hold over. 73 N. Y. 384; 77 *Id.* 378. Nor did he, in fact, hold over. Statutes like ours (Kirby's Dig., § § 841-2) are highly penal, and are not extended by implication. 58 N. E. 790; 80 Am. Dec. 688.

2. The appellee is not entitled to recover on cross-appeal. The purchase of stock was *ultra vires.* Every one dealing with a corporation is bound to take notice of the laws under which it is chartered. 3 Rul. Cas. Law, § 61; 82 Va. 913; 3 Am. St. 128; 92 Tenn. 115; 37 Neb. 197; 71 Ark. 379. The transaction was void and could not be ratified. 36 Am. St. 71; 3 Rul. C. Law, § 85; 103 Ark. 283. Besides the scheme was a fraud. 10 Cyc. 858-868; 19 A. & E. 622; 92 Ark. 327.

3. The suit is barred by limitation of three years. 68 Ark. 433; 95 *Id.* 327; 96 Am. St. 989: 96 *Id.* 992; 7 Rul. C. Law, 476-510; 8 L. R. A. (N. S.) 738-746.

*E. P. Watson, A. L. Smith, Dick Rice* and *Rice & Dickson* for appellees.

1. The basis of this suit is the common law liability of the directors for negligent performance of duty amounting to gross negligence. This was a question of fact for the court who found for the receiver. 141 U. S. 132; 82 S. W. 76.

2. Zimmerman was a director from 1901 to 1909. Kirby's Digest, § § 841-844.

3. The action was not barred. Kirby's Digest, § 848.

4. The directors were all liable. 82 S. W. 76.

McCULLOCH, C. J. This appeal involves several consolidated actions instituted in the chancery court of Benton County against defendants, Zimmerman and others, directors of a defunct banking corporation doing business at Siloam Springs, to recover on account of liability alleged to have been incurred by reason of their neglect of duty in the management of the affairs of said bank. The bank was declared to be insolvent in the summer of 1910, and a receiver was appointed, and the uncontradicted evidence in this case shows that it had been insolvent for

three or four years, at least, prior to the appointment of a receiver. The evidence is sufficient to warrant a finding that there was gross mismanagement of the affairs and business of the bank, causing considerable loss to the depositors and stockholders. These actions were instituted shortly after the appointment of a receiver, and at the trial of the cause before the chancellor there was a decree in favor of the plaintiffs for the recovery of a large sum of money against all of the directors save one, and those against whom the decree was rendered appeal to this court. The plaintiffs appeal from the decree exonerating the other director, Murphy, and also from that part of the decree which held that the directors were not liable for a deposit of $20,000 made by the Western & Southern Fire Insurance Company, one of the plaintiffs.

(1)    It is not seriously contended here that the decree against the directors was erroneous, except against Zimmerman, who defends on the ground that he was not a director within the period of the statute of limitations which runs against the causes of action of the plaintiffs. In other words, he contends that he was not a director after April, 1906, and that as to liability of the directors which accrued after that time he can not be included. It seems to be conceded in the argument that the statutory period of limitation is three years. This court held that that was the period of limitation under Kirby's Digest, section 859, which imposes a liability on the president and secretary of any corporation for neglect of duty in failing to file the certificate prescribed by statute. The present actions are founded on section 863 of Kirby's Digest, which provides that if any president, "directors or secretary of any such corporation shall intentionally neglect or refuse to comply with the provisions of this act, and to perform the duties therein required of them respectively, such of them as so neglect or refuse shall be jointly and severally liable, in an action founded on this statute, for all the debts of such corporation contracted during the period of any such neglect or refusal." The same statute of limitation applies under both sections. There-

fore, the chancellor was correct in holding that three years years was the period of limitation applicable in this case.

We are of the opinion that according to the clear preponderance of the testimony, appellant Zimmerman did not serve as a director after the meeting of stockholders on April 15, 1906, and that he is not liable in any of these actions. The minutes of the meeting of stockholders, as recorded on the books of the corporation, were introduced in evidence, and they recite that Zimmerman was elected at each meeting of the stockholders up to and including the year 1909. This is about all the evidence that was adduced tending to show that he was a director. Mr. Covey, the receiver, testified as to conversations which he had with Zimmerman after his own appointment as receiver, and those conversations merely show that he apprised Zimmerman of the fact that the minutes showed that he was a director, and that Zimmerman requested him to look into the matter and write to him further on the subject. The testimony of Mr. Covey is hardly sufficient to show an admission on the part of Zimmerman that he was in fact a director in the corporation.

Turning to the testimony adduced by appellant, it shows very clearly that Zimmerman was not a director. In fact, there is no substantial dispute on that point. Zimmerman shows that he moved to Texas in April, 1906, and came back to Siloam Springs only occasionally to visit his family. In March, 1906, he informed the president of the bank, Mr. Morris, that he would not be able to serve as director, and proposed to resign. Morris told him that it would be inconvenient to call a meeting for the purpose of electing a successor, but promised that he would not be re-elected at the meeting in April. Zimmerman testified that he was not present at the April meeting, and never received any information until after the appointment of a receiver that he had been re-elected as a director or that the minutes recited that fact. Morris corroborated Zimmerman and testified concerning his conversation with the latter in March, 1906, and he stated that Zimmerman was not present at the April meeting. Lafollette, the assistant cashier, testified to the same effect.

(2-3-4)  Several witnesses were introduced by the plaintiffs who testified that Zimmerman was back at Siloam Springs oftener than he claims in his own testimony.  That testimony, however, has very little probative force in establishing the fact that Zimmerman knew that he had been elected as director or that he assumed to act as such.  The minutes of the corporation were very loosely kept and were unsigned, but conceding that they were competent evidence tending to show the election of Zimmerman as a director, that testimony is subject to be rebutted, and in addition to that, in order to hold Zimmerman liable, it is essential that he should have accepted the appointment.  Under some circumstances an acceptance may be presumed, but certainly not in the face of the fact shown by this testimony that Zimmerman had in advance of the meeting informed the president and secretary of his proposed resignation and of his refusal to serve any further in that capacity.  There must be an acceptance of the office of director before any liability can flow from the failure to discharge the duties of the office.  *Bank of Des Arc* v. *Moody,* 110 Ark. 39.  A director has the right to resign at any time, and no formal acceptance of the resignation is required.  2 Cook on Corporations (7 ed.), section 624.  Note to the case of *Zeltner* v. *Zeltner Brewing Co.,* 95 Am. St. Rep. 574.  Strictly speaking, there was no resignation of appellant Zimmerman.  Though he proposed to resign, he acquiesced in the counter proposal of the president that he hold on until the stockholders' meeting in April, when his successor was to be elected, but his proposal to resign and his refusal in advance to serve any longer is competent evidence in the case to establish the fact that he was not aware of the fact that he was re-elected in April, and that he did not assume to act under the re-election.  It is claimed that it was his duty to serve until his successor was elected, and assumed to take over the office.  He had the power to continue to serve, but he did not assume the exercise of that power, and, on the contrary, abandoned the exercise of the duties of the office; and, according to the preponderance of the evidence in

the case, he had nothing further to do with the management of the affairs of the corporation.

The case of *Van Amburgh v. Baker*, 81 N. Y. 46, is directly in point. That was a suit against the directors or trustees on account of their failure to file an annual report under a statute similar to the statutes of this State. Some of the directors sought to be charged had, in advance of an annual meeting, indicated their unwillingness to serve for another term, and the court, in holding that they were not liable, said: "Here the defendants not only ceased to act as trustees, but before the expiration of the year for which they were elected, they made a distinct avowal that they would not act as directors after February 25, 1875. To hold the defendants liable, under such circumstances, for not making the report in January, 1876, would be both against reason and authority." In that case the directors were not re-elected, but liability was sought to be established by reason of the fact that it was their duty to hold over and to continue to discharge the duties of the office until their successors were elected. Disposing of that contention, the court said: "Unless they (the directors) chose to act, their offices became vacant at the end of the year. It was not necessary for them to resign at the end of the year, to produce a vacancy. The vacancy would come from the termination of their terms of office."

It appears from the evidence that Zimmerman, while in Texas, assisted in the purchase of a large farm for the bank in that State but the service was performed at the request of the president and not as one of the directors.

We are of the opinion, therefore, that there is no liability on the part of Zimmerman established, for the reason, as above indicated, that he had completely severed his official connection with the corporation at the meeting in April, 1906, and was not responsible for any mismanagement of the affairs of the corporation after that time.

(5) As to the cross-appeal of the plaintiffs, we need only discuss one feature, and that relates to the

failure of the chancellor to render a decree in favor of the Western & Southern Fire Insurance Company for a deposit of $20,000. It appears from the evidence that this deposit was a result of the private arrangement between the president and cashier of the bank with the insurance company for the purchase of stock in the insurance company which was then being promoted. It was done without the knowledge of others connected with the bank and the certificates of deposit were purposely issued in a way to conceal the transaction from those who examined the affairs of the bank. In other words, the certificates of the deposit were taken from the back of the books of blanks so that they would not be discovered. The chancellor held that the act of the president and cashier in purchasing stock of the insurance company was *ultra vires* and void, and that the acceptance of the special deposit, which was a part of the same transaction, having been done secretly and through connivance with the insurance company as a depositor, the directors could not be held liable for it. That conclusion is so obviously correct that no discussion is called for. The insurance company can not hold the directors responsible for liability founded in their own participation in the wrongful act of the other officers of the bank in purchasing stock of the insurance company and in concealing the deposit.

The decree against Zimmerman is reversed, and each of the causes is as to him dismissed, but in all other respects the decree of the chancellor is affirmed.