BURTON *v.* TRIBBLE.

4-3442

Opinion delivered April 16, 1934.

*Will Steel* and *Frank S. Quinn,* for appellant.

*Martin, Wootton & Martin,* for appellee.

JOHNSON, C. J. Appellant instituted this suit in the Garland Circuit Court against appellee, alleging, that appellee was, at all the times hereinafter stated, and is now, a duly practicing physician and surgeon; that in the year 1926 appellant employed appellee to perform, and that he did perform, a major operation upon her abdomen or abdominal cavity; that, at the conclusion of said operation, appellee carelessly and negligently left remaining in her abdominal cavity a ball of gauze 1½ inches in diameter, and that appellee carelessly and negligently closed the incision into her abdominal cavity without first removing said ball of gauze and thereby inclosed same within her body; that thereafter appellee continued to treat appellant as physician and surgeon, but carelessly and negligently withheld from appellant any and all information or knowledge in reference to her abdominal cavity containing said foreign substance; that appellant had no information, and did not know, that said foreign substance was left in her abdominal cavity until 1933, at which time she was compelled to undergo another operation at Texarkana for the removal of said foreign substance. Appellant further alleged continuous pain and suffering from the date of the operation in 1926 until the date of the second operation in 1933, and laid damages in the sum of $35,000.

Appellee interposed, and the trial court sustained, a demurrer to appellant's complaint upon the theory that the alleged cause of action accrued at the time of the operation in 1926, and was barred by limitation three years thereafter. Judgment was entered dismissing ap-

pellant's complaint, and this appeal is prosecuted to reverse this judgment.

But one question is presented for determination: Is appellant's alleged cause of action barred by the three-year statute of limitation?

In *Field* v. *Gazette Publishing Co.*, 187 Ark. 253, 59 S. W. (2d) 19, we announced the applicable rule of limitation in tort actions as follows: That in all tort actions arising in this jurisdiction, not otherwise limited by law, and where the means of information in reference to the cause of the injury were equally accessible to each party, and there was no fraudulent concealment of the cause or extent of the injury, the three-year statute of limitation was applicable and barred the action. The rule thus stated is the inevitable conclusion deducible from the following language which was employed in the Field case. "As we understand this record, appellant does not contend that appellee fraudulently concealed any fact with reference to his injury, and he does not contend that appellee had knowledge of facts or information other than those well known to appellant." Thus it certainly appears that the alleged facts in the instant case do not necessarily fall within the rule of limitation as announced in the Field case.

By his demurrer, appellee admits that he carelessly and negligently left remaining in appellant's abdominal cavity a ball of gauze $1\frac{1}{2}$ inches in diameter, and continued to treat her thereafter without disclosing to her this unfortunate condition until more than three years had elapsed. It is the well-established doctrine in this jurisdiction that a practicing physician and surgeon must exercise that degree of care, skill and learning ordinarily possessed and exercised by members of their profession in good standing in the community, and that they must exercise reasonable care in the exercise of their skill while attending their patients. *Gray* v. *McDermott*, 188 Ark. 1.

It cannot be said as a matter of law that appellee did not know that this foreign substance was left in appellant's abdominal cavity because, under the rule just stated, he was required to exercise ordinary care in the

performance of said operation, and, when thus measured, might have known that the foreign substance was left remaining in appellant's body; if, in the exercise of ordinary care and skill, appellee knew that the foreign substance was left in appellant's abdominal cavity, it then and thereupon became his imperative duty to apprise appellant of this fact and not conceal it from her until the statute of limitation had attached. Appellee had the duty resting upon him not only to perform the operation with ordinary care and skill, but also to make immediate disclosure to appellant of any injury inflicted by or through his carelessness and negligence in the performance thereof, and his failure to make this disclosure was a continuing act of negligence.

Not only is this case distinguishable from the Field case in the particulars just mentioned, but it is otherwise distinguishable in this: Appellee performed the operation upon appellant and knew, or by the exercise of ordinary care might have known, that the foreign substance was left remaining in her abdominal cavity. The information thus known to appellee was unknown to appellant, and the duty rested upon appellee to make known to appellant all facts within his knowledge in reference to the injury. The cause of action alleged in appellant's complaint grows out of a breach of duty which the law implies from the physician's and surgeon's employment in undertaking to perform the operation. It was a constant and daily obligation to use ordinary care and skill, and if, by omission or negligence, he has left a foreign substance within the walls of the abdominal cavity at the operation, it behooved him to afford timely relief. The neglect of this duty imposed by a continuous obligation was a continuous and daily breach of the same. *Gillette* v. *Tucker,* 67 Ohio 106, 65 N. E. 865, 93 Am. St. Rep. 639; *Bowers* v. *Santee,* 99 Ohio 361, 124 N. E. 238; *Groendal* v. *Westrate,* 171 Mich. 92, 137 N. W. 87, Ann. Cas. 1914B, 906.

Cases from several jurisdictions have been cited in support of the doctrine that in all tort actions the cause of action arises upon the infliction of the injury and tend-

ing to support the contention that the applicable statute of limitation cannot be tolled or held in abeyance in its application. Among the cases cited are *Johnson* v. *Nolan,* 105 Cal. App. 293, 288 Pac. 78; *Schmidt* v. *Esser,* 183 Minn. 354, 236 N. W. 622, 74 A. L. R. 1312.

Upon examination, it is found that a number of cases cited, notably *Johnson* v. *Nolan,* are based upon specific statutes which expressly provide that all malpractice suits shall and must be brought within a certain period of time after the infliction of the injury, but we have no such statute in this State. Other cases cited are based upon general principles of law, but we believe they are not sound in principle, therefore decline to follow them.

Our conclusion is therefore that appellee's acts of leaving the ball of gauze in appellant's abdominal cavity and his failure to apprise appellant thereof were such fraudulent concealments and continuing acts of negligence as toll the statute of limitation until appellee performed his duty of removing the foreign substance or appellant learned or should have learned of its presence.

It results from what we have said that the trial court erred in sustaining appellee's demurrer to appellant's complaint, and for this reason the judgment will be reversed and remanded, with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.