**AIR LEASES, INC., Plaintiff,**

v.

**William A. BAKER, Defendant.**

**Civ. A. No. 1388.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

Nov. 7, 1958.

D. L. Grace, C. R. Barry, James L. Langston, Ft. Smith, Ark., for plaintiff.

Daily & Woods, Ft. Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

As originally filed on December 12, 1957, this case was one by International Aircraft Maintenance Co., a California corporation, and Air Leases, Inc., a Nevada corporation, against Orion Air Transport, Inc., an Arkansas corporation, the First National Bank of Fort Smith, Arkansas, and a number of individuals, citizens and residents of Arkansas, including the present defendant, William A. Baker.

The International Aircraft Maintenance Co. alleged that Orion Air Transport, Inc., was indebted to it in the sum of $2,339.96 for maintenance and repairs on a certain airplane.

Air Leases, Inc., alleged that Orion Air Transport, Inc., was indebted to it in the sum of $13,532.09, under a lease agreement executed on the 31st day of October, 1953.

There were no allegations in the complaint of a claim against the present defendant, William A. Baker, and the other individuals, and apparently the present defendant, William A. Baker, was made a party defendant in an effort to fix the liability against the First National Bank of Fort Smith. No allegations or claims against the other individual defendants appear in the complaint other than the allegation that they were stockholders and officers of Orion Air Transport, Inc.

On December 24, 1957, the First National Bank of Fort Smith filed its separate answer, and on the same date the individual defendants, including the present defendant, William A. Baker, filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. While the motion to dismiss filed by the individual defendants was pending, discovery depositions were taken by plaintiffs but not filed herein.

On May 7, 1958, upon application of Air Leases, Inc., the court granted leave to it to file an amended complaint, which was filed the same day. Also, on the date the amended complaint was filed, an order was entered dismissing the original complaint of International Aircraft Maintenance Co. for lack of jurisdiction. By the same order the original complaint of Air Leases, Inc., against Orion Air Transport, Inc., the First National Bank of Fort Smith, and the other individual defendants, except William A. Baker, was dismissed. Thus, after May 7, 1958, the only claim that was pending was the amended complaint of the present plaintiff, Air Leases, Inc., against the defendant, William A. Baker.

On May 24, 1958, the defendant, William A. Baker, filed his answer to the amended complaint, and on September 11, 1958, the said defendant, pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A. filed his motion for summary judgment on the ground that there was no genuine issue as to any material fact, and that he was entitled to a judgment in his favor as a matter of law. The motion was based upon (a) the pleadings, exhibits, and other records in the case; (b) the affidavit of William A. Baker, together with its exhibit; and (c) defendant's brief in support of the motion. The brief in support of the motion for summary judgment was served upon the attorneys for the plaintiff, Air Leases, Inc., on September 10, 1958. Under Local Rule 8 the attorneys for plaintiff had ten days in which to file their answer brief, but on September 18 they requested and were allowed fifteen days additional time in which to file brief in opposition to the motion for summary judgment.

The plaintiff did not file any brief in opposition to the motion for summary judgment, but, in an effort to avoid the impact of the motion, on October 6, 1958, filed the motion for leave to file a second amended complaint, and as grounds therefor alleged:

"That in his answer to plaintiff's amended complaint [filed May 7, 1958] herein the defendant for the first time presented a new defense to plaintiff's cause of action, in that, plaintiff pleaded the Arkansas Statute of Limitations in bar of plaintiff's action. That in order to meet this new issue presented to the court by the defendant, plaintiff finds it necessary to file its amended complaint which is herewith tendered to the court."

Thus, there are before the court the motion of defendant, William A. Baker, for summary judgment on the record as it existed on September 11, 1958, and the motion of plaintiff for leave to file the second amended complaint.

Prior to the filing of the motion for summary judgment there remained in the record only the amended complaint filed on May 7, 1958, and the answer of the defendant. The amended complaint alleged that the plaintiff was, at all times material, engaged in the business of leasing airplanes as lessor to lessees who operated the same for hire, and that the defendant was the president and a director of Orion Air Transport, Inc., an Arkansas corporation; that on October 31, 1953, the plaintiff and Orion Air Transport, Inc., entered into a lease contract in which plaintiff leased to Orion Air Transport, Inc., a certain airplane for the monthly rental of $5,000; that Orion Air Transport, Inc., had failed to pay all of the rental and that Orion Air Transport, Inc., was indebted to plaintiff in the sum of $13,532.09.

That on October 19, 1953, prior to the execution of the lease by plaintiff and Orion Air Transport, Inc., the defendant wrote a letter to plaintiff, in which he advised plaintiff that he had in his possession the sum of $14,600 in cash belonging to said corporation, and that these funds would be held by said corporation for the purpose of paying the first and last month's rental on said airplane, totaling $10,000; that said letter constituted the sole and only information plaintiff had as to the financial responsibility of the lessee corporation, and plaintiff relied upon the assurances, representations and promises of the defendant in entering into said lease contract, and would not have entered into the same but for the assurances, representations and promises made to it in said letter by the defendant. The plaintiff attached to the complaint a copy of the letter which, omitting the formal parts, is as follows:

"This will confirm our telephone conversation regarding lease of an airplane from your company to Orion Air Transport, Inc.

"Orion Air Transport is newly incorporated, and has not yet elected its officers, which will be done tomorrow so that by the time we receive a copy of the lease there will be officers qualified to execute it. Meanwhile, this is to assure you that $30,000.00 stock has been subscribed, and that I hold at the present time $14,600.00 in cash deposited with this bank which will be transferred to the Corporation at its organization meeting tomorrow, and that these funds are for the purpose of paying the first and last months' rental totaling $10,000.00 on the proposed aircraft lease, subject of course, to issuance of an operating certificate by the CCA and approval of Form 518 by the CAA and issuance of a membership in Air Coach Transportation Association.

"I hope the foregoing is what you require prior to execution of the lease by the competent officers of Orion Air Transport, Inc. As soon as we receive the lease we will try to see that it is approved and executed without delay."

The plaintiff further alleged:

"Plaintiff charges that by the false promises, assurances and representations and by the concealment and deception hereinbefore set out it was defrauded by defendant, all to its loss in the sum of $13,532.09.

"That the defendant became and was during its entire corporate existence the president of said corporation and was during all of said time a director of said corporation, and that by virtue of said office he was the chief managing officer of said corporation, and that as Vice-President of the First National Bank of Fort Smith, Arkansas, the bank which was the depository of said corporation, he was in a position to know and is charged with the knowledge of the disposition of the funds of said corporation, but that in violation of the assurances, representations and promises of the said defendant that the sum of $5,000.00 would be held by said corporation in cash for the payment of the last month's rental on said airplane, the defendant permitted and participat-

ed in the dissipation of said funds without notice to or knowledge of the plaintiff."

In paragraph 4 of the amended complaint the plaintiff alleges that the defendant became liable to it when Orion Air Transport, Inc., was dissolved by taking charge of and converting all of its assets.

The prayer of the amended complaint is that plaintiff recover the sum of $13,-352.09 as the amount due for the rental of the airplane, and in the alternative that plaintiff recover of the defendant the sum of $5,000 on account of the false and fraudulent assurances, promises and representations by which plaintiff was induced to lease its airplane to said corporation.

 It will be noted that in the amended complaint, plaintiff attempted to state two claims against the defendant: (1) a claim in tort for fraud and deceit, and (2) a statutory claim against defendant as a director of Orion Air Transport, Inc. The exhibit to the motion for summary judgment states facts which are uncontroverted and which establish beyond question that the claims alleged in the amended complaint accrued more than three years prior to the date of filing, May 7, 1958. The alleged false representations were made by plaintiff on October 19, 1953. The statute of limitations begins to run as soon as the cause of action accrues. There is no allegation by plaintiff of any fraudulent concealment by defendant of plaintiff's alleged cause of action, but assuming that the defendant was guilty of some concealment of facts, yet the record shows conclusively that the Orion Air Transport, Inc., was in default in March of 1954, and during the last week of that month the plaintiff repossessed the airplane. Thus, if the statute of limitations had not already begun to run, it would begin to run in March of 1954, and the original complaint in the cause was not filed until December 12, 1957. The amended complaint, as heretofore stated, was filed May 7, 1958, both dates being substantially more than three years aft-

er the plaintiff's cause of action had accrued and after plaintiff had been placed on notice concerning the financial condition of Orion Air Transport, Inc. The three-year statute of limitations, Ark.Stat.Ann. Sec. 37–206 (1947), applies to bar torts, Burton v. Tribble, 189 Ark. 58, 70 S.W.2d 503; Field v. Gazette Publishing Company, 187 Ark. 253, 59 S.W.2d 19. An action for fraud and deceit is, of course, a tort, and is barred by the three-year limitation. Dilley v. Simmons National Bank, 108 Ark. 342, 158 S.W. 144. Insofar as the plaintiff's claims are based upon fraud and deceit, therefore, its action is barred. Insofar as its claims are based upon the alleged statutory liability of directors, the same statute applies to bar its claims. Love v. Couch, 181 Ark. 994, 28 S.W.2d 1067; Zimmerman v. Western & Southern Fire Insurance Company, 121 Ark. 408, 181 S.W. 283; Nebraska National Bank v. Walsh, 68 Ark. 433, 59 S.W. 952. The motion for summary judgment, therefore, should be granted, unless the motion of plaintiff for leave to file a second amended complaint compels a different conclusion.

In the proffered second amended complaint tendered along with the motion for leave to file on October 6, 1958, the plaintiff made no reference to the original complaint nor to the first amended complaint, but did allege in paragraphs three and four:

"3.

"That for the purpose of procuring an airplane with which to carry on its business the said Orion Air Transport, Inc., (hereinafter called 'the corporation') entered into negotiations with plaintiff for the lease of an airplane owned by plaintiff, and for the purpose of inducing plaintiff to enter into such a lease contract the defendant, under date of October 19, 1953, wrote a letter to plaintiff in which defendant promised that the sum of $10,000.00 which he then held in his hands would be used for the purpose of paying the first and the last months'

rentals on any airplane leased from plaintiff. That said letter was written upon a letter-head of the First National Bank of Fort Smith, Arkansas, and was signed by the defendant in his capacity as Vice-President of said bank. That said corporation was newly incorporated and that no credit information as to its financial responsibility was available and that said letter was the sole and only information as to the financial responsibility of said corporation available to plaintiff and that the defendant intended that plaintiff accept and rely upon the promises and inducements contained in said letter in entering into said lease contract. That plaintiff would not have entered into said lease contract had it not relied upon the promises and inducements held out by the defendant that the sum of $10,000.00 would be kept intact by the corporation for the payment of the first and last months' rentals on said airplane and had it not relied upon the fact that said promises and inducement was made by the Vice-President of the First National Bank of Fort Smith, Arkansas, the depository of the funds of said corporation, in his capacity as Vice-President. That a true copy of said letter is hereto attached, marked as 'Exhibit A' and made a part of this complaint.

"4.

"That, under date of October 31, 1953, in reliance upon the promise and agreement of defendant herein above set, the plaintiff entered into a lease contract with the corporation and delivered to the corporation a certain aircraft at and for the rental of $5,000.00 per month. That the corporation paid to plaintiff as the first month's rental of said aircraft the sum of $5,000.00 but wholly failed to pay the last month's rental thereon in the sum of $5,000.00. That about April 1, 1954, the corporation ceased operations and was

at said time and at all times thereafter wholly insolvent, and was at said time indebted to plaintiff under said lease contract in a sum of more than $13,000.00, including the sum of $5,000.00 for the last month's rental on said aircraft. That the defendant was at all times the president and one of the directors of said corporation and was Vice-President of the said First National Bank of Fort Smith, Arkansas, but that he wholly failed to keep his promise and agreement that the sum of $5,000.00 would be held for the payment of the last month's rental on said aircraft and the same is now past due and unpaid."

The prayer of the proffered amendment is:

"Wherefore, plaintiff prays that it have judgment against the defendant in the said sum of $5,000.00 with interest thereon from April 1, 1954, at the rate of six per cent per annum, and for all further relief to which it may be entitled, and its costs."

The record discloses that the plaintiff repossessed the airplane during the last week in March 1954, and the lessee corporation necessarily ceased business for the want of operating equipment. After December 8, 1954, the lessee corporation owned no assets, tangible or intangible, of any kind or character. The defendant, William A. Baker, never received at any time any pay or remuneration as an officer or director of the corporation, and immediately prior to the dissolution of the corporation all of the stockholders, with the exception of two, personally contributed pro rata in an amount necessary to make up a deficit in a tax trust account carried by the corporation for moneys due and owing to the United States for unpaid transportation taxes constituting a lien filed on the airplane by the District Director of Internal Revenue.

At the time the second amended complaint was proffered, the statute of limitations hereinbefore referred to had barred all claims of plaintiff for either

tort or statutory liability of the stockholders and officers of the corporation. The plaintiff recognized this fact, and seeks to file the second amended complaint against the defendant, William A. Baker, on the theory that the defendant became liable to it for $5,000 as the rental for the last month by virtue of the provisions of the letter of October 19, 1953.

■ In effect, the proffered second amended complaint is a new suit, and cannot be considered as an amendment either to the original complaint or to the first amended complaint.

In Hutchins v. Priddy, D.C.W.D.Mo. 1952, 103 F.Supp. 601, at page 604, Judge Ridge, in considering the legal effect of an amendment, said:

"Before progressing to that subject, we believe certain fundamental principles so well grounded in procedure in courts of this land that they need no citation of authorities to sustain them should be called to mind. It is hornbook that an amended pleading which is complete in itself and does not refer to a prior pleading supersedes the prior pleading so that it no longer remains a part of the record in an action * * *."

The jurisdiction of the court in all of the proceeding was invoked because of diversity of citizenship and the amount involved. Under Public Law 85–554, 85th Congress, July 25, 1958, 72 Stat. 415, 28 U.S.C.A. § 1332, the required jurisdictional amount in diversity cases was raised from $3,000 to $10,000, exclusive of interest and costs, and the proffered second amendment to the complaint seeks to recover only $5,000 from the defendant. Therefore, unless the proffered amendment relates back to the original complaint, the court is without jurisdiction to entertain the claim asserted by plaintiff in the proffered amendment.

The court does not think that the proffered amendment relates back to either the original or first amended complaint, since no claim against defendant was asserted in the original complaint and the first amended complaint showed on its face that the claim therein alleged was barred by the statute of limitations. Justice does not require the court to permit the plaintiff to file the proffered amendment, but rather requires that this litigation cease, and a consideration of all of the facts and the proceedings herein convinces the court, in the exercise of a sound judicial discretion, that leave to file the proffered amendment should be denied. In Young v. Garrett, 8 Cir., 1947, 159 F.2d 634, the court said:

"There is no doubt that under Rule 15(a) leave to amend, after the first amendment, is subject to the sound judicial discretion of the trial court and that its ruling on an application for such leave can be reversed only for abuse of that discretion. Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 146 F.2d 165, 167; Calhoun County v. Roberts, 5 Cir., 148 F.2d 901, 903, 904; Ledbetter v. Farmers Bank & Trust Co., 4 Cir., 142 F.2d 147, 149; Aetna Casualty & Surety Co. v. Abbott, 4 Cir., 130 F.2d 40, 44. And where an appellate court has power to review the exercise of judicial discretion, the inquiry is limited to whether the action is arbitrary in that the court failed to apply the appropriate equitable and legal principles to the established or conceded facts. Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314, 317; Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414, 417."

Therefore, the motion of defendant for summary judgment should be granted, and the motion of plaintiff for leave to file a second amended complaint should be denied, and an order in accordance herewith is being entered today.