CARL L. WHITE, JR. v. JOANNE S. MCBRIDE, ET AL

4698                                                      434 S.W. 2d 79

Opinion Delivered November 11, 1968
[Rehearing denied December 16, 1968.]

*Arnold, Hamilton & Streetman* for appellant.

*Drew & Hollaway* for appellees.

PAUL WARD, Justice.   This is an appeal by Carl L. White, Jr. (appellant) from a chancery decree denying him a portion of his father's property.   His father was Carl L. White, Sr. who died on October 19, 1965.   Appellant was one of three brothers.   One brother was J. Austin and the other was Robert G. who died in December 1959, leaving his widow Joanne (Smith) McBride and a son named Robert L. White.   Austin, Joanne and Robert L. are the appellees in this case.

On September 9, 1966 appellant filed a complaint in chancery court, alleging, in substance:   (a) That his father [referred to at times as Senior] was once the owner of the stock in Breece-White Manufacturing Company (called Co.) which owned numerous tracts of land; (b) That in 1950 Senior, pursuant to a family agreement, transferred to Robert G. all his unencumbered stock in the Co. to hold same in trust for himself, J. Austin, and appellant, with the understanding that he (Senior) reserved the right to manage the Co. at a substantial salary as long as he lived; (c) That without appellant's knowledge appellees converted to their own use all the stock in the Co., liquidated the Co., and that Senior conveyed the real estate (by warranty deeds) to J. Austin and Joanne, Executrix.   Appellant asked the court to find that appellees were holding one-third of all assets in trust for him.

In answer to the above complaint, appellees denied all material allegations and affirmatively pleaded the statute of frauds, the statute of limitations, and laches.

After hearing the testimony the trial court dismissed the complaint, finding appellant's cause of action was barred by laches and the statute of limitations.

It is our conclusion that the trial court was correct and that the decree must be affirmed.

The trial court found that in 1950 there was a family agreement between Senior and his sons whereby

Robert G. was to hold Co. property in trust for all three of them. On appeal, appellees have spent much time and effort to show there was no such agreement. Under the view we take it is unnecessary to resolve that conflict. We do point out such agreement, if any, was not in writing. Assuming, for the purpose of this opinion there was such agreement, we still are of the opinion that the trial court was correct in dismissing appellant's complaint on the ground his cause of action was barred by the statute of limitations.

Appellant, in his brief, agrees that he had knowledge of repudiation of the trust agreement not later than April 9, 1961. The trial court found the trust was repudiated by Joanne in June, 1960. A careful search of the records confirms both appellant and the court. In view of this situation, and in view of the fact that the complaint was not filed until September 9, 1966, we think appellant's alleged cause of action was barred by Ark. Stat. Ann. § 37-206 (Repl. 1962) which, in material parts, reads:

"The following actions shall be commenced within three [3] years . . . after the cause of action shall accrue . . . forth, all actions (of account, assumpsit, or on the case, founded on any contract or liability, expressed or implied . . . ."

The above statute was interpreted and applied in *Air Leases, Inc.* v. *Baker,* 167 F. Supp. 145 (W.D. Ark., 1958). In that opinion we find this statement:

"It will be noted that in the amended complaint plaintiff attempted to state two claims against the defendant: (1) A claim in tort *for fraud and deceit* . . . The statute of limitations begins to run as soon as the cause of action accrues. There is no allegation by plaintiff or any fraudulent concealment by defendant of plaintiff's cause of action . . . The three-year statute of limitations, Ark. Stats.

Ann. Sec. 37-206 (1947), applies to bar torts, *Burton* v. *Tribble*, 189 Ark. 58, 70 S.W. 2d 503; *Field* v. *Gazette Publishing Company*, 187 Ark. 253, 59 S.W. 2d 19. An action for fraud and deceit is, of course, a tort, and is barred by the three-year limitations. *Dilly* v. *Simmons National Bank*, 108 Ark. 342, 158 S.W. 144.'' (Emphasis ours.)

Said section was also construed in *Tellier* v. *Darragh*, 220 Ark. 363, 247 S.W. 2d 960. There we said:

"By accepting a contractual lien upon this land Mrs. Tellier brought herself within . . . the three-year statute applicable to implied obligations *not in writing* (Ark. Stats., § 37-206 . . .'' (Emphasis ours.)

\* \* \*

"It is familiar law that, in the absence of concealment, the trustee of a constructive trust is entitled to the benefit of the statute of limitations and the defense of laches. *Matthews* v. *Simmons*, 49 Ark. 468, 5 S.W. 797.''

The trial court also held that appellant's cause of action was barred by laches. We agree, but deem it unnecessary, in view of the conclusion already reached, to belabor that point. We do point out the record discloses that after appellant learned he was allegedly being deprived of part of the property he waited until his father died before taking legal action. Obviously, his father would have been a material witness.

Affirmed.