Otis H. REED, Jr., Appellant,

v.

Terrell Don HUTTO, Commissioner of Correction, State of Arkansas, A. L. Lockhart, Superintendent, etc., Appellees.

No. 73-1169.

United States Court of Appeals, Eighth Circuit.

Oct. 23, 1973.

Terry L. Mathews, Little Rock, Ark., for appellant.

Jim Guy Tucker, Atty. Gen., and Ralph C. Hamner, Deputy Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Otis H. Reed, Jr., an inmate of the Arkansas state prison system, brought this action pro se on February 5, 1973, against defendants as Arkansas prison officials for deprivation of his civil rights under 42 U.S.C. § 1983. He alleges, among other things, that during his incarceration he was forced to participate in homosexual acts by an "inmate trusty guard," who was under the supervision of prison officials, and that these prison officials refused plaintiff protective custody or any other assistance despite warnings of the trusty's propensities for engaging in sexually deviate acts. Plaintiff alleges that to prevent further homosexual assaults he killed this guard on November 8, 1969. Plaintiff sought damages in the sum of $500,000. The district court dismissed the action as untimely brought. For reasons stated below, we affirm.

In his initial complaint, plaintiff named Terrell Don Hutto, the present Arkansas Commissioner of the Department of Correction, and A. L. Lockhart, Superintendent of the Cummins Prison, as defendants. The trial court summarily dismissed the case on two grounds: (1) that the complaint on its face showed that the claim was barred by the three-year applicable state statute of limitations, and (2) that the named defendants, Commissioner Hutto and Superintendent Lockhart, did not serve as

prison officials as early as 1969. Following this dismissal, plaintiff-Reed sought to substitute the former Commissioner of Correction, C. Robert Sarver, and the former Cummins Prison Farm Superintendent, Ralph Roberts, as defendants. The trial court adhered to its dismissal on the alternate ground that the action had not been brought in proper time.

We authorized this appeal in forma pauperis, *see* F.R.A.P. Rule 24a, and appointed counsel for Reed, because the case raises an important question relating to the application of state statutes of limitations to actions for damages under the Civil Rights Act.

■ Since the statute under which this action was brought, 42 U.S.C. § 1983, does not provide for any period of limitation for the bringing of an action, we must look to the most analogous state statute of limitations. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Johnson v. Dailey, 479 F.2d 86 (8th Cir. 1973); Savage v. United States, 450 F.2d 449 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 93 S. Ct. 2759, 37 L.Ed.2d 158 (1972); Green v. McDonnell Douglas Corporation, 463 F.2d 337, 340 (8th Cir. 1972), vacated in part on other grounds, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668; Glasscoe v. Howell, 431 F.2d 863 (8th Cir. 1970). As we said in *Savage,* "We are to select that [the state] limitation provision which seems best to effectuate the federal policy underpinning the claims now before us. 450 F.2d at 451.

Conceivably, any one of three provisions of the Arkansas statute of limitations could apply here. Ark.Stat.Ann. § 37–201 requires an action for assault and battery to be commenced within one year of its accrual; § 37–206 provides a three-year limitation for, among other things, all actions "founded on any contract or liability, expressed or implied;" and § 37–213 provides for a five-year

limitation for all actions "not included in the foregoing provisions."

In Savage v. United States, 450 F.2d 449 (8th Cir. 1971), cert. denied, 405 U. S. 1043, 93 S.Ct. 2759, 37 L.Ed.2d 158 (1972), and Johnson v. Dailey, 479 F.2d 86 (8th Cir. 1973), we focused upon the character of the conduct underlying the civil rights violation in order to determine the most appropriate statute of limitations. Thus, in *Savage,* in response to a complaint alleging that various state and federal officials had conspired to obtain a criminal indictment of the plaintiff by putting erroneous and defamatory material before the Grand Jury, we held applicable the Minnesota two-year limitation for defamation and malicious prosecution. In *Johnson,* the majority of the panel applied Iowa's two-year statute of limitations for malicious prosecution to a civil rights complaint alleging that a state prosecutor obtained a criminal conviction for murder against plaintiff, later set aside on habeas corpus, based on the wilful use of falsified evidence.

■ We are agreed here that the one-year statute for assault does not apply since the gist of the complaint is not the assault itself, but rather the negligence of prison administrators in failing to carry out their responsibility to properly supervise a prison, resulting in one prisoner being injured by another. *See* Brown v. United States, 342 F.Supp. 987, 992–993 (E.D.Ark.1972). Thus, the complaint may be viewed as an analogue to an action under state law for negligence. Under this theory, *Savage* and *Johnson* would require the invocation of the three-year limitation specified by Ark.Stat.Ann. § 37–206, since this statute has been held to apply generally to tort actions in Arkansas. *See,* White v. McBride, 245 Ark. 594, 434 S.W.2d 79, 80 (1968), citing with approval Air Leases, Inc. v. Baker, 167 F.Supp. 145, 148 (W.D.Ark.1958); Burton v. Tribble, 189 Ark. 58, 70 S.W.2d 503, 504 (1934);

*see also* Schenebeck v. Sterling Drug, Inc., 423 F.2d 919, 924 (8th Cir. 1970).[1]

That approach, however, is inconsistent with the rationale in our earlier case of Glasscoe v. Howell, 431 F.2d 863 (8th Cir. 1970). *See* Johnson v. Dailey, 479 F.2d 86, 89 (8th Cir. 1973) (Bright, J., dissenting). In *Glasscoe,* which also was an action for deprivation of civil rights occurring in Arkansas, we observed that, although elements of a common law assault and battery may underpin an action against police officers who allegedly deprived plaintiff of his civil rights, the statute of limitations applicable to common law assaults and batteries did not limit the period for commencing a civil rights action under § 1983. In *Glasscoe,* we focused not on the assault but on the statutory derivation of the civil rights claim as creating a new and different remedy even though the same act might constitute both a state tort and the deprivation of a constitutional right. We found it unnecessary to decide as between the three-year limitation for actions "founded on any contract or liability" and the five-year general statute of limitations since that action had been brought within three years.

▄▄▄ In the present case, no matter whether we follow the rationale of *Savage* and *Johnson* or that of *Glasscoe,* the action is barred by the three-year statute of limitations. As we have already noted, focusing on the underlying negligence of the prison officials requires the application of the three-year statute of limitations. But the same result follows under the *Glasscoe* rationale as well, since an action to enforce a statutory right according to Arkansas case law must be brought within three years.

Arkansas has construed its three-year limitation for actions "founded on any contract or liability" to cover actions based upon a liability created by statute. McDonald v. Mueller, 123 Ark. 226, 183 S.W. 751 (1916); Zimmerman v. Western & Southern Fire Ins. Co., 121 Ark. 408, 181 S.W. 283 (1915); Nebraska National Bank v. Walsh, 68 Ark. 433, 59 S.W. 952 (1900). *See also* Air Leases, Inc. v. Baker, *supra,* 167 F.Supp. at 148. Those cases concerned personal liability of corporate officers or directors to perform statutory duties assigned to their offices. In that sense, as noted by appellant, the cases can be distinguished from the present action for vindication of civil rights. But those causes and the present one are similarly based upon a remedy provided for by statute. We deem this factor controlling. *Compare* Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (outlining the broad scope of the statutory remedy afforded under 42 U.S.C. § 1983) *with* Nebraska National Bank v. Walsh, *supra,* 59 S.W. at 953.

In *Nebraska National Bank,* the Arkansas court characterized the corporate liability statute as "not penal, but highly remedial," and held that the two-year limitation on an action for a penalty did not apply. Instead, the court applied the three-year statute for an action "founded upon any contract or liability, expressed or implied, not in writing." This three-year statute of limitations provided by Ark.Stat.Ann. § 37–206 would appear to be the one that Arkansas would enforce for all remedial causes of action granted by statute.

Here Reed's action accrued no later than November 8, 1969. He filed his complaint in the present action more than three years and two months later.

---

1. *See also* Ark.Stat.Ann. § 27–901 which provides in part:

   For wrongs done to the person or property of another, an action may be maintained against the wrongdoers, and such action may be brought by the person injured * * * in the same manner and with like effect in all respects as actions founded on contracts.

Although a five-year statute of limitations exists for written contracts, Ark.Stat.Ann. § 37–209, the provisions of § 37–206 which apply to oral contracts have been held to control § 27–901. *See* Smith v. Missouri Pacific R. Co., 175 Ark. 626, 1 S.W.2d 48, 49 (1928).

Accordingly, we hold the action barred by the applicable Arkansas three-year statute of limitations and affirm the district court.

Appellant's contention that the Arkansas general five-year statute of limitations, Ark.Stat.Ann. § 37–213, should be applied rests on the argument that some federal courts have applied a general statute of limitations to an action brought under the Civil Rights Acts. Appellant cites Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964), Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1958), and Contract Buyers League v. F & F Investment, 300 F.Supp. 210 (N.D.Ill. 1969), aff'd, 420 F.2d 1191 (7th Cir. 1970). But in these cases the only choice lay between a statute of limitations for the state common law type of action suggested by the allegations of the civil rights complaint and the state's general statute of limitations. These courts were given no choice of a statute of limitations applicable to remedial causes of action created by a statute as in the present case. The application of the general limitations period in these cases arose from a finding that a right of action based upon a statute is an action not provided for within the state statutes of limitations describing particular kinds of legal actions. *See* Wakat v. Harlib, *supra,* 253 F.2d at 62–63.

Thus we conclude that, whether the appropriate precedent be *Glasscoe* or *Savage* and *Johnson,* the result is the same and the Arkansas three-year limitation applies to the action. We find it unnecessary in this case to resolve the differences in approach to the appropriate state statute of limitations as exemplified by *Glasscoe* and *Savage.* Such a difference exists generally in the federal appellate courts.[2]

We express our appreciation for the able assistance rendered by appellant's court-appointed counsel who has served without any compensation.

Affirmed.

2. *See* Annot., 98 A.L.R.2d 1160 (1964); Note, "A Limitation on Actions for Deprivation of Federal Rights," 68 Colum.L.Rev. 763 (1968).

Third Circuit decisions and some decisions in the Fifth, Sixth, and Seventh Circuits have applied the statute of limitations of the underlying tort as in *Savage.* THIRD CIRCUIT: Howell v. Cataldi, 464 F.2d 272 (1972); Thomas v. Howard, 455 F.2d 228 (1972); Orlando v. Baltimore & Ohio Ry., 455 F.2d 972 (1972); Hileman v. Knable, 391 F.2d 596 (1968); Hughes v. Smith, 389 F.2d 42 (1968); Henig v. Odorioso, 385 F.2d 491 (1967), cert. denied, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968). FIFTH CIRCUIT: Shank v. Spruill, 406 F.2d 756 (1969); Beard v. Stephens, 372 F.2d 685 (1967). SIXTH CIRCUIT: Madison v. Wood, 410 F.2d 564 (1969); Mulligan v. Schlachter, 389 F.2d 231 (1968); Mohler v. Miller, 235 F.2d 153 (1956). SEVENTH CIRCUIT: Jones v. Jones, 410 F.2d 365 (1969), cert. denied, 396 U.S. 1013, 90 S.Ct. 547, 24 L.Ed.2d 505 (1970).

Second, Ninth, and Tenth Circuit decisions and the other Fifth, Sixth, and Seventh Circuit Cases hold that actions under § 1983, as in *Glasscoe,* are governed by state statutes of limitations for state actions created by statute or the general limitations period of the state. SECOND CIRCUIT: Rosenberg v. Martin, 478 F.2d 520 (1973); Romer v. Leary, 425 F.2d 186 (1970); Swan v. Board of Higher Education, 319 F.2d 56 (1963). FIFTH CIRCUIT: White v. Padgett, 475 F.2d 79 (1973); Franklin v. City of Marks, 439 F.2d 665 (1971); Nevels v. Wilson, 423 F.2d 691 (1970). SIXTH CIRCUIT: Garner v. Stephens, 460 F.2d 1144 (1972); Crawford v. Zeitler, 326 F.2d 119 (1964). SEVENTH CIRCUIT: Duncan v. Nelson, 466 F.2d 939, cert. denied, 409 U.S. 894, 93 S.Ct. 175, 34 L.Ed.2d 130 (1972); Rinehart v. Locke, 454 F.2d 313 (1971); Weber v. Consumers Digest, Inc., 440 F.2d 729 (1971); Wakat v. Harlib, 253 F.2d 59 (1958). NINTH CIRCUIT: Willis v. Reddin, 418 F.2d 702 (1969); Smith v. Cremins, 308 F.2d 187 (1962). TENTH CIRCUIT: Crosswhite v. Brown, 424 F.2d 495 (1970); Wilson v. Hinman, 172 F.2d 914 (1949).

Two cases decided by the Fourth Circuit fall into a special category since they are based on the peculiarities of the Virginia statutes of limitation. *See* Allen v. Gifford, 462 F.2d 615 (4th Cir.), cert. denied, 409 U.S. 876, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972); Almond v. Kent, 459 F.2d 200 (4th Cir. 1972).