**Harlan LANE, Appellant,**

v.

**Douglas GRAVES et al., Appellees.**

**No. 75–1663.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 28, 1975.

Decided Nov. 10, 1975.

**312**

Charles L. "Chuck" Honey, Prescott, Ark., filed appendix, appellant's brief and appellant's reply brief.

Alson Jennings and Philip S. Anderson, Little Rock, Ark., filed brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from District Judge Oren Harris' dismissal of appellant's diversity complaint as to appellee Graves on the ground that it is barred by the statute of limitations.[1] We affirm the order of the district court.

The sole issue raised on appeal is whether the district court applied the proper statute of limitations. Both parties agree that under the *Erie* doctrine Arkansas law is controlling. The parties also agree that the complaint was not filed until four and one-half years after the cause of action arose. However, appellant Lane argues that his claim is subject to a five-year limitation under Ark.Stat.Ann. § 37–213, while appellee Graves relies upon the three-year limitation under Ark.Stat.Ann. § 37–206, particularly the fourth provision.

Section 37–206 reads as follows:

The following actions shall be commenced within three [3] years * * after the cause of action shall accrue:

First, all actions (of debt) founded upon any contract, obligation, or liability, (not under seal [and not in writing],) excepting such as are brought upon the judgment or decree of some court of record of the United States, of this, or some other State; (second, all actions upon judgments rendered in any court not being a court of record;) third, all actions for arrearages of rent (not reserved by some instrument in writing, under seal;) *fourth, all actions (of account, assumpsit, or on the case,) founded on any contract or liability, expressed or implied;* fifth, all actions for trespass on lands, or for

---

1. This is the second such appeal brought by Lane. Shortly after entry of the dismissal order, dated January 29, 1975, Lane appealed to this court; however, the appeal was dismissed on grounds that the order resolved the rights and liabilities of fewer than all the parties to the action, and the district court failed to designate the order as a final judgment pursuant to Fed.R.Crim.P. 54(b). *Lane v. Graves,* 518 F.2d 965 (8th Cir. 1975). Following this court's dismissal of the appeal, the district court, on June 25, 1975, amended the order to read that there is no just reason for delay, and directed that final judgment be entered in favor of appellee Graves. On July 3, 1975, appellant filed a notice of appeal from the dismissal order as amended. This court now has proper jurisdiction over Lane's appeal.

libels; sixth, all actions for taking or injuring any goods or chattels. (Emphasis added).

Section 37–213, the statute relied on by appellant, provides:

All actions not included in the foregoing provisions shall be commenced within five [5] years after the cause of action shall have accrued.

The district court applied the three-year limitation on the theory that the complaint sounds essentially in fraud and that fraud is clearly within section 37–206. *Vanderboom v. Sexton,* 422 F.2d 1233 (8th Cir.), *cert. denied,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970); *Air Leases, Inc. v. Baker,* 167 F.Supp. 145 (W.D.Ark.1958), *quoted with approval in White v. McBride,* 245 Ark. 594, 434 S.W.2d 79 (1968). Appellant argues that his complaint is not simply for fraud but is for "conspiracy and malicious interference with and destruction of Lane's business relations and prospective advantages * * *."[2]

However, the gravamen of the complaint is that appellee Graves, with others, concealed the illegal nature of a loan transaction from appellant Lane so that he would be convicted of making illegal loans and could be ousted as head of the bank. This allegation is inextricably intertwined with the alleged fraud. To the extent that it differs from fraud, it is sufficiently analogous that the limitation pertaining to actions for fraud and deceit should apply. Moreover, the action is one which in common law pleading would be "on the case" and therefore within the historic scope of section 37–206. *See St. Louis I. M. & S. Ry. Co. v. Mynott,* 83 Ark. 6, 102 S.W. 380 (1907).

Finally, there is a strong suggestion in the language of more recent cases that section 37–206 will be applied to all torts except those specifically subject to another statute.

The three-year statute of limitations, Ark.Stat.Ann. Sec. 37–206 (1947), applies to bar torts, *Burton v. Tribble,* 189 Ark. 58, 70 S.W.2d 503; *Field v. Gazette Publishing Company,* 187 Ark. 253, 59 S.W.2d 19. An action for fraud and deceit is, of course, a tort, and is barred by the three-year limitation. *Dilley v. Simmons National Bank,* 108 Ark. 342, 158 S.W. 144. Insofar as the plaintiff's claims are based upon fraud and deceit, therefore, its action is barred. [*Air Leases, Inc. v. Baker, supra,* 167 F.Supp. at 148, *quoted with approval in White v. McBride, supra.*]

Appellant's final argument is that, at minimum, Arkansas law is sufficiently confused to invoke the Arkansas rule that in cases of doubt the longer limitation period will be preferred. *See Matthews v. Travelers Indemnity Insurance Co.,* 245 Ark. 247, 432 S.W.2d 485 (1968). However, despite some early cases cited by appellant, we believe that the recent decisions discussed in this opinion would lead the Arkansas courts to apply section 37–206 to appellant's claims. Moreover, the considered opinion of the district court is entitled to great weight in this court. *See Luke v. American Family Mutual Ins. Co.,* 476 F.2d 1015, 1019, n.6, 1025 n.5 (8th Cir.) (*en banc*), *cert. denied,* 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973).

The district court's order of dismissal is affirmed.

---

2. Appellant Lane's complaint stems from his discharge as chairman of the board and chief executive officer of Union National Bank of Little Rock, Arkansas. The complaint seeks money damages on the following grounds:
(a) fraud;
(b) malpractice;
(c) destruction of, interference with, and discredit to business, prospective advantage, property, profession, and standing in the

field of banking and finance;
(d) breach of fiduciary duty; and
(e) civil conspiracy to accomplish each or all of the above.
Appellant Lane's discharge followed his conviction of a federal misdemeanor for making an illegal loan. The malpractice claim relates to legal advice allegedly given appellant in connection with that loan.