In re Thomas E. ROBSON and Carolyn S. ROBSON.

Dewell WAGES and Janet Wages, Plaintiffs,

v.

Thomas ROBSON and Carolyn Robson, Defendants.

Bankruptcy No. 91–42383.
Adv. No. 91–4246.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Dec. 15, 1992.

Robert Bamburg, Jacksonville, AR, for plaintiffs.

John Ogles, Jacksonville, AR, for defendants.

M. Randy Rice, Trustee, Little Rock, AR.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trial of the complaint to determine dischargeability. The complaint in this action was filed on December 16, 1991, in which the plaintiffs asserted that the debt owed to them should not be discharged in this bankruptcy proceeding due to the fraudulent conduct of the debtors. The cause was called for trial on November 17, 1992, the plaintiffs appearing with their attorney, Robert Bamburg. The debtors' attorney appeared and announced ready for trial; the debtors did not appear. The matter proceeded to hearing only on the dischargeability issue,[1] in which the Wages assert that the debtors defrauded them of $4,000.

Mr. Wages is employed through and assisted by, Pathfinder, an organization which assists the mentally and physically handicapped. Through the Pathfinder organization, he works at Maybelline. Mrs. Wages is a former client of Pathfinder, and works at the Commissary of the Little Rock Air Force Base, stocking shelves. She obtained this position with the assistance of Pathfinder. The Wages were credible witnesses who clearly took great care in ensuring that they told the truth and answered each question accurately. The court believes the testimony of the Wages.

The elements of fraud in a dischargeability issue, under either section 523(a)(2)(A) or 523(a)(6) of the Bankruptcy Code, are as follows:

(1) the debtors made the representations;

(2) that at the time the debtors made the representations, they knew them to be false;

(3) that the debtors made the representations with the intention and purpose of deceiving the creditor;

(4) that the plaintiff relied on such representations;

(5) that the plaintiff sustained the alleged loss and damage as the proximate result of the representations having been made. *See Thul v. Ophaug,* 827 F.2d 340, 342 & n. 1 (8th Cir.1987).

■ The facts of this case are simple and, due the absence of the debtors, virtually uncontested. In July 1988, the plaintiffs entered into a contract to purchase the debtors' residence. The contract was contingent upon two factors: (1) the receipt of a worker's compensation award by Dewell Wages; and (2) approval of financing for the Wages by a bank. While Mr. Wages did receive a worker's compensation award, it was much smaller than expected such that the bank refused to grant financing to the Wages. Accordingly, the real estate contract was nullified. Indeed, the parties entered into an agreement on September 12, 1988, voiding the real estate contract and providing for the return of $200 earnest money. The agreement released both the buyers and sellers from the real estate contract. It does not purport to provide any other release of liability. Nor did the evidence demonstrate that the parties intended a release of any other liability, in-

---

[1]. The pleadings and pretrial statements of both parties indicate that both sections 523(a) and 727(a) were understood to be issues in the litigation. However, since the debtors did not appear at trial to testify, plaintiffs were unprepared to go forward with proof on the section 727 issue.

cluding the fraud perpetrated by the debtors, described below.

Upon learning that the Wages would be unable to obtain financing, but that the Wages had funds in their possession from the worker's compensation award, the debtors perpetrated a fraud upon the Wages. Mrs. Robson telephoned Mrs. Wages and told her that despite the fact that the Wages could not obtain financing, the Robsons were entitled to the contract and demanded that the Wages give them $4,000. Mrs. Robson represented that their attorney told them they were entitled to the $4,000. The Robsons did not have an attorney representing them at that time. The Robsons did not discuss this demand with their real estate agent, but kept silent when the release from the real estate contract was signed. The real estate agent testified that no funds were due to the sellers, the Robsons, for any reason.

The Wages, however, believed Mrs. Robson's assertion that the Robsons were entitled to the $4,000. They further believed, based upon express statements by Mrs. Robson, that if they did not pay the money, the Robsons could sue them. The Wages believed the statements of the Robsons and acted to their detriment on those statements and demands. Based upon the representations and demands of the Robsons, Mr. Wage gave to Mr. Robson $4,000.

The representations of the Robsons were false and they knew them to be false at the time they made them. There was no factual or legal basis for demanding the funds from the Wages. They knew that the Wages had little understanding of the transactions in which they were involved.

They knew that the Wages had money in their possession, but would not be able to consummate the real estate transaction. They also knew, given the contingent nature of the real estate contract, that there was no liability on the part of the Wages regarding that contract. Under these facts, it is clear that the Robsons acted with the intent to deceive the Wages. The Robsons lied when they asserted that their lawyer advised them they were entitled to money; they had not even consulted a lawyer. They lied when they told the Wages they were entitled to the money. The Robsons clearly took advantage of the Wages, of the Wages' limited understanding, and committed fraud against them. For this reason the debt owed by the Robsons to the Wages must be excepted from discharge. 11 U.S.C. § 523(a)(2)(A), (4).

■ Debtors assert as an affirmative defense that the statute of limitations ran on the debt prior to inception of the state court action such that there is no debt to even be considered nondischargeable.[2] This argument fails for two reasons. First, there is no evidence in the record as to when the state court action was filed or as to the nature of the cause of action pleaded in state court. Without this information, the Court cannot determine whether or not the suit was filed beyond the limitations period. Secondly, from the statements of counsel,[3] it appears that the statute of limitations has not expired. The fraudulent transaction occurred on or about August 15, 1988; the pleadings state that the state court suit was filed on August 7, 1991. The statute of limitations on fraud (assuming that is the cause of action

**2.** The debtors also assert that the governing standard in this case is that the evidence be clear and convincing. The correct standard is the preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Even were the Court to apply the clear and convincing standard, the plaintiffs met their burden.

During argument of counsel, discovery requests were argued and brought to the attention of the Court. While these were not placed in evidence nor considered by the Court in reaching a decision, a comment is appropriate. Discovery responses do in fact "matter." Parties may not, under the rules of procedure, simply

deny requests for admissions in a blanket manner without thought to whether their statements should, in fact, be admitted. The failure to truthfully answer discovery requests sabotages the concept of "fair trial," undermining the judicial system. The discovery rules are meant to serve as a vehicle for ascertainment of the truth; false answers subvert truth and truth seeking and expose counsel to sanctions under several of the procedural rules governing conduct of litigation. *See generally Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1345–46 (5th Cir.1978).

**3.** Of course, such statements are not evidence.

filed) is three years. Ark.Code § 16–56–105; *Lane v. Graves*, 525 F.2d 311 (8th Cir.1975); *Dupree v. Twin City Bank*, 300 Ark. 188, 777 S.W.2d 856, 858 (Ark.1989). The suit, apparently filed within three years, is not barred by the statute of limitations.

Accordingly, it is hereby

ORDERED the debt in the amount of $4,000 owed by Thomas and Carolyn Robson to Dewell and Janet Wages is nondischargeable. A separate judgment will be entered in accord with these findings.

IT IS SO ORDERED.

A. Jan Thomas Jr., Trustee, West Memphis, AR.

Warren E. Dupwe, Jonesboro, AR, for debtor.

Keith Moser, Little Rock, AR, for Cadle Co. II, Inc.

Robert Coleman, Blytheville, AR, for River Valley Sav. Bank, F.S.B.