Eddie **CHAMBERS**, Appellant,

v.

**OMAHA PUBLIC SCHOOL DISTRICT et al., Appellee.**

**No. 75–1666.**

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1976.

Decided May 11, 1976.

**224**

Steven M. Luttberg, Omaha, Neb., for appellant.

Gerald P. Laughlin (argued), Omaha, Neb., for appellee; Michael G. Lessmann

and Thomas E. Johnson, Omaha, Neb., on brief.

Before GIBSON, Chief Judge, and HEANEY and WEBSTER, Circuit Judges.

GIBSON, Chief Judge.

This appeal presents the recurring problem of determining what statute of limitations should be applied in an action arising under the federal Civil Rights Acts.

Plaintiff Eddie Chambers, a black man, was employed as a junior high teacher with defendant Omaha Public School District (District) in 1969. On June 3, 1970, he was promoted to guidance counselor in the District and was given a one-year contract which classified him as a probationary, nontenured employee for that period of time. On March 1, 1971, plaintiff was notified by the School Board for the District that, pursuant to the provisions of Neb.Rev.Stat. § 79–1256 (Reissue of 1971),[1] his contract would not be renewed for the succeeding year. Plaintiff thereafter requested and was granted an evidentiary hearing before the School Board for the purpose of amplifying the facts relating to his nonrenewal. At the conclusion of the hearing, the board reaffirmed its decision not to renew plaintiff's contract on the basis that plaintiff had not manifested the ability or desire to work with the faculty and administration within the District. Plaintiff then instituted a state mandamus action against the School Board seeking to compel the board to vote publicly on the nonrenewal issue and to state precisely the reasons why plaintiff was not being retained. This mandamus complaint was dismissed August 24, 1971.

During this period plaintiff simultaneously sought administrative relief on the federal level. On April 7, 1971, plaintiff brought his grievance to the attention of the Department of Health, Education and Welfare (H.E.W.). After numerous interim intra-agency rulings, plaintiff was informed

1. Section 79–1256 provides that a probationary teacher's contract can be terminated if a major-ity of the School Board votes before April 1 of any given year not to renew the contract.

nearly four years later that the H.E.W. had concluded that his nonrenewal had not contravened any provision of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* (1970).

Plaintiff instituted the present action on January 14, 1975, nearly four years after the School Board refused to renew his contract. Plaintiff bases his right to relief upon 42 U.S.C. §§ 1981, 1983 and 2000d *et seq.* (1970) and seeks $280,000 in compensatory and punitive damages, claiming that his employment was terminated for constitutionally impermissible reasons: (1) partly, because he was black, and (2) primarily, in retaliation for his exercise of his First Amendment right to freely express himself. The District Court did not resolve the merits of the dispute, as it concluded that the 180-day statute of limitations contained in the Nebraska Fair Employment Practices Act (F.E.P.A.), Neb.Rev.Stat. § 48–1101 *et seq.* (Reissue of 1974), controlled in this action and dismissed plaintiff's complaint as untimely filed.

## I

Since 42 U.S.C. §§ 1981 and 1983 [2] contain no specified period of limitations, it is well-settled that federal courts must apply the most analogous state statute of limitations to these federally created causes of action. *O'Sullivan v. Felix,* 233 U.S. 318, 322, 34 S.Ct. 596, 598, 58 L.Ed. 980 (1914); *Reed v. Hutto,* 486 F.2d 534, 535 (8th Cir. 1973). In making this determination, we select the state period of limitations which best effectuates the federal policy underlying the federal claims. *Savage v. United States,* 450 F.2d 449, 451 (8th Cir. 1971), *cert. denied,* 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972). In applying these general principles, the District Court treated this case basically as one involving a charge of racial discrimination in employment and placed less significance on plaintiff's First Amendment claim. Accordingly, the court concluded that plaintiff's case is closely aligned with the justiciable racial discrimination matters which are normally submitted to the Nebraska Equal Opportunity Commission (Commission) pursuant to the Nebraska F.E.P.A. Relying upon this court's holding in *Warren v. Norman Realty Co.,* 513 F.2d 730 (8th Cir.), *cert. denied,* 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed. 81 (1975), the District Court ruled that plaintiff's federal cause of action is governed by the F.E.P.A.'s 180-day period of limitations for filing a charge with the Commission.

In *Norman Realty* this court was confronted with a case instituted pursuant to, *inter alia,* 42 U.S.C. §§ 1981 and 1982 in which the plaintiffs alleged that defendants had practiced racial discrimination in the leasing of a home. In searching for the proper state period of limitations, the court noted that Nebraska had enacted a housing discrimination law which proscribed the precise conduct involved in the federal civil rights action. Neb.Rev.Stat. § 20–105 *et seq.* (Reissue of 1974). Therefore, the court applied the 180-day period of limitations contained in the state housing law and affirmed a dismissal of plaintiff's complaint. 513 F.2d at 734–35.

We do not view *Norman Realty* as controlling in the instant case. The statute

2. In this action, plaintiff also seeks a monetary recovery pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. The issue of whether a monetary judgment can be obtained under Title VI has not been definitively resolved. In *Gilliam v. City of Omaha,* 388 F.Supp. 842 (D.Neb.1975), the district court held that money damages can be recovered in Title VI actions, but concluded that plaintiff had failed to prove any racial discrimination to justify such a recovery. This court affirmed the holding that discrimination had not been shown but did not discuss whether the district court was correct in concluding that money judgments were allowed in § 2000d actions.

*Gilliam v. City of Omaha,* 524 F.2d 1013 (8th Cir. 1975). This court stated that plaintiff had also relied upon 42 U.S.C. §§ 1981 and 1983. 524 F.2d at 1014 n.2. We express no view on the propriety of permitting money judgments in § 2000d actions. Since § 2000d contains no statute of limitations, it will be governed by the most analogous state period of limitations. To this extent, plaintiff's § 2000d claim is controlled by the same considerations which inhere in the § 1981 and § 1983 claims. Based upon the final disposition in this case, we bar plaintiff's § 2000d claim for not being timely filed and thus do not consider any other grounds for dismissal.

of limitations applied in *Norman Realty* provided that when an aggrieved person chose to pursue his complaint in a state district court in lieu of proceeding administratively through the Nebraska Equal Opportunity Commission, he must file the civil action within 180 days of the occurrence of the allegedly discriminatory housing practice. Neb.Rev.Stat. § 20–119. The statute, therefore, imposed a time limitation upon an individual's right to seek relief through the courts. The 180-day period contained in the Nebraska F.E.P.A. and adopted by the District Court in the present case is not a limitation upon the filing of a civil action, but rather is a limitation upon filing a formal charge with the Equal Opportunity Commission for the purpose of seeking administrative relief. Neb.Rev.Stat. § 48–1118. The F.E.P.A. contains no statute of limitations equivalent to the one applied in *Norman Realty.* Moreover, that case provides no support for the application of the F.E.P.A. administrative statute of limitations to § 1981 or § 1983 actions. *Norman Realty* drew a clear distinction between judicial and administrative avenues of relief. 513 F.2d at 735. The state housing law in that case contained an administrative period of limitations, which is identical to the one contained in the F.E.P.A., requiring a complainant to file a housing discrimination complaint with the Equal Opportunity Commission within 180 days. Neb.Rev.Stat. § 20–114(3). However, the *Norman Realty* court did not discuss the applicability of this administrative limitations period to that case and opted instead for the statute of limitations for the filing of judicial actions.

We have been unable to find nor have we been directed to any decisional authority which has applied, in § 1981 or § 1983 actions, the limitations period for filing complaints with an administrative agency. The Seventh Circuit, in *Waters v. Wisconsin Steel Works,* 427 F.2d 476 (7th Cir. 1970), refused to apply the Illinois F.E.P.A.'s 120-day period of limitations for filing discrimi-

nation charges with the Illinois Fair Employment Practices Commission (F.E.P.C.) in a § 1981 action. See Ill.Rev.Stat. ch. 48, § 858 (1969), *as amended,* P.A. 79–465 (1975). Language in that case is particularly pertinent here:

> We are not convinced that the Illinois F.E.P.A. is the most analogous state action under these provisions. The Illinois act provides only for an administrative remedy and review of the F.E.P.C.'s findings in the state courts. Different considerations obviously apply to suits by private litigants in courts of law. In contrast to the Illinois F.E.P.A., the entire burden of investigating and developing a case under section 1981 lies with the private litigant. Furthermore, the short limitations period contained in the Illinois act is designed to encourage conciliation and private settlement. When an aggrieved party seeks court relief, conciliation has generally failed.

427 F.2d at 488.

Without particularizing the distinctions between the Illinois F.E.P.A. and the Nebraska F.E.P.A., it is sufficient to note that they are roughly equivalent in nature and scope. Each of the statutes vests substantial authority in the respective administrative agencies to order affirmative remedial steps to eliminate the effects of the discriminatory employment practices. Ill.Rev.Stat. ch. 48, § 858 (1969), *as amended,* P.A. 79–465 (1975); Neb.Rev.Stat. § 48–1119(3). Both agencies possess the authority to compel testimony through the issuance of subpoenas in order to fulfill their statutory obligation to investigate and conciliate discrimination complaints. However pervasive the authority of these F.E.P.A. established agencies may be, we do not think that the procedures and remedies which are administratively available pursuant to the F.E.P.A. can be equated with the plenary judicial powers available in § 1981 and § 1983 actions.[3] We hold that the F.E.P.A. period of limitation cannot be applied in the

---

**3.** A 90-day statute of limitations contained in the Connecticut F.E.P.A. has been held inapplicable in § 1981 actions. *Smith v. Perkin-Elmer*

*Corp.,* 373 F.Supp. 930, 936 (D.Conn.1973). It is significant that this court in *Warren v. Norman Realty Co., supra* at 735, distinguished the

present case. This conclusion is particularly appropriate in this case since, as will be discussed later, there is another Nebraska statute of limitations which is directly applicable to plaintiff's claims.

■ A second reason why *Norman Realty* is inapplicable to the instant case is due to the dualistic nature of plaintiff's claim for relief. The District Court's belief that plaintiff's case was solely or principally based upon racial discrimination was unduly circumscribed. In his complaint, plaintiff has significantly implicated various First Amendment claims which are wholly unrelated to his racial discrimination claim. Since the Nebraska F.E.P.A. only proscribes the implementation of any employment practice which discriminates on the basis of race or other impermissible grounds, it offers no protection to those who are dismissed in retaliation for exercising their freedom of speech. Plaintiff's First Amendment allegations, which cannot be construed as being merely incidental to the racial discrimination claim,[4] clearly cannot be subsumed under the Nebraska F.E.P.A. Under appropriate circumstances, a court may be obligated to segregate plaintiff's various civil rights claims and apply separate statutes of limitations to each. *Polite v. Diehl*, 507 F.2d 119, 122–23 (3d Cir. 1974). In the instant case the Nebraska F.E.P.A. period of limitations, even if it could have been invoked to bar plaintiff's racial discrimination claim, could not have been used to bar his First Amendment claim.[5]

## II

■ Based upon the foregoing, the District Court erred in dismissing plaintiff's

case as being barred by the F.E.P.A. limitations period. This conclusion, however, does not end our inquiry. Appellate courts are entitled under proper circumstances to sustain a District Court's judgment on grounds other than those relied on by the District Court. *Kithcart v. Metropolitan Life Insurance Co.*, 150 F.2d 997, 1000–01 (8th Cir.), *cert. denied*, 326 U.S. 777, 66 S.Ct. 267, 90 L.Ed. 470 (1945). Therefore, we will now consider whether any other Nebraska statute of limitations can appropriately govern in this case.

The analytical approach that this court has taken in determining the proper statute of limitations to be applied in federal civil rights actions has varied. On occasion, we have inquired into the nature of the defendant's conduct which gave rise to the civil rights litigation and applied the state statute of limitations which relates particularly to that conduct. Thus, in § 1983 actions containing allegations that defendants instituted groundless and bad faith criminal prosecutions against plaintiff, we have looked to the state statute of limitations for malicious prosecution. *Johnson v. Dailey*, 479 F.2d 86 (8th Cir.), *cert. denied*, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973); *Savage v. United States*, 450 F.2d 449 (8th Cir. 1971), *cert. denied*, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972).

However, this court in *Glasscoe v. Howell*, 431 F.2d 863 (8th Cir. 1970), refused to mechanically apply the state statute of limitations which would normally be applied if defendant's conduct were the primary consideration. In *Glasscoe*, plaintiff had instituted a § 1983 action against law enforcement officers who allegedly assaulted and

---

statutes of limitations discussed in *Waters v. Wisconsin Steel Works, supra* and *Smith v. Perkin-Elmer Corp., supra* as imposing time limitations on administrative relief rather than direct judicial relief.

**4.** In *Warren v. Norman Realty, supra*, which involved the breach of a lease agreement allegedly on racial grounds, the court declined to apply the Nebraska statute of limitations for contract actions. The court concluded that plaintiffs' breach of contract claim was incidental to their discriminatory housing claim and

noted that the "whole thrust" of plaintiffs' case encompassed this latter claim. 513 F.2d at 734 n.3. Plaintiff's First Amendment claim in the present case, however, has independent significance and arises from a series of events unrelated to the racial discrimination charge.

**5.** For the purpose of our resolution of this case, we need not segregate plaintiff's two separate and distinct claims. The statute of limitations that we conclude has applicability to this case governs both claims.

falsely imprisoned him. The court recognized that common law tort actions and statutory civil rights actions are not necessarily coordinate since they entail different elements and remedies. Rather than apply the state statute of limitations for intentional torts, the *Glasscoe* court concluded that either of two statutes of limitations would apply to plaintiff's case: (1) the statute used in actions to enforce liabilities created by statute, or (2) the general catch-all statute of limitations to be used in actions not specifically controlled by another limitations period. These two divergent approaches, exemplified by *Johnson v. Dailey, supra* and *Glasscoe v. Howell, supra,* have been alternatively applied by other courts and have produced variable results. See *Reed v. Hutto,* 486 F.2d 534, 537 n.2 (8th Cir. 1973).

For purposes of this case, however, we need not engage in any attempt to resolve this seeming dichotomy. Courts need not search for a state statute which would apply only in a remotely analogous manner if a state statute of limitations is found which clearly governs and is directly related to the federal civil rights claims. *Warren v. Norman Realty Co., supra* at 734. In *Peterson v. Fink,* 515 F.2d 815 (8th Cir. 1975), the plaintiff's complaint, based on 42 U.S.C. § 1985, charged the defendant law enforcement officers with acting illegally in their official capacities. The court eschewed any need to search for a state statute which would apply "by analogy" because Missouri had enacted a statute proscribing the precise conduct alleged in plaintiff's complaint. Mo.Rev.Stat. § 516.-130(1) (1969). The court applied the limitations period contained in that statute to plaintiff's action. 515 F.2d at 816–17; *see Hulstine v. Moss,* No. 74–1438 (8th Cir. Dec. 4, 1974).

Nebraska has enacted a statute which clearly applies to actions founded upon federal statutes such as § 1981 and § 1983. Neb.Rev.Stat. § 25–219 (Reissue of 1964) provides:

All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which actions no period of limitations is provided in such statute shall be commenced within three years next after the cause of action shall have accrued.

We are unable to conceive of any cogent reason why the clear wording of this statute precludes its application to the instant case, nor has plaintiff advanced any persuasive arguments to render the statute inapplicable. A Colorado statute similar to Nebraska's was applied in a § 1983 and § 1985 action in *Salazar v. Dowd,* 256 F.Supp. 220 (D.Colo.1966). Tennessee has adopted a statute which establishes a one-year limitations period for actions "brought under the federal civil rights statutes * * * ." Tenn.Code Ann. § 28–304 (Supp.1974); *see Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 456 n.2, 95 S.Ct. 1716, 1718 n.2, 44 L.Ed.2d 295 (1975). We conclude that § 25–219 governs in this case and, since plaintiff did not commence this action within three years of its accrual, his case was properly dismissed.

### III

In a final attempt to avoid the dismissal of his complaint, plaintiff contends that § 25–219 is unconstitutional and cannot be applied in this case. Plaintiff alludes to the disparity between § 25–219, which sets up a three-year statute of limitations for actions based upon a federal statute, and Neb.Rev. Stat. § 25–206, which establishes a four-year statute of limitations for actions based upon liability created by state statutes. Plaintiff alleges that this legislative classification violates the principle adopted in *Republic Pictures Corp. v. Kappler,* 151 F.2d 543 (8th Cir. 1945), *aff'd per curiam,* 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991 (1946).

In *Republic Pictures,* the plaintiff had instituted an action pursuant to the Fair Labor Standards Act of 1938 (F.L.S.A.), 29 U.S.C. § 201 *et seq.,* to recover overtime pay. Since the F.L.S.A. did not contain a statute of limitations, the court was obligated to apply the most analogous statute of limitations of the forum state, Iowa. At that time, Iowa maintained a statute which

required actions arising under a federal statute to be instituted within six months of the accrual of the claim. The Eighth Circuit, with one judge dissenting, concluded that this Iowa statute of limitations was unconstitutional as a violation of equal protection. Plaintiff's claim in that case was characterized as a contract action and the court noted that plaintiff, depending on the type of contract claim asserted, would have been entitled to either a five-year or ten-year statute of limitations if he had not relied on a federal statute. The court noted that litigants holding contract claims under the F.L.S.A. and those possessing other contract claims were similarly situated, yet the Iowa six-month statute of limitations discriminated against the former class. "Equal protection of the law in its constitutional sense implies that all litigants similarly situated may appeal to the courts for relief under like conditions and without discrimination." 151 F.2d at 547.

We do not believe that, in the context of the present case, plaintiff is afforded any protection by *Republic Pictures.* The essence of the holding in *Republic Pictures* is that the plaintiff in that case possessed a contract claim which would normally be governed by a lengthy state statute of limitation. Merely because plaintiff was asserting this contract claim pursuant to a federal statute, he was subjected to a statute of limitations which was much shorter than the statute applied against other contract claim litigants. The court concluded that all persons holding contract claims, being similarly situated, must be treated on an equal basis.

■ Plaintiff's complaint in the present case alleges racial discrimination and an infringement upon plaintiff's First Amendment rights. If plaintiff were asserting these particular claims without any reliance upon a federal statute, he would not necessarily be afforded a longer period of time

by Nebraska law within which to pursue them. Plaintiff's constitutional claims here are indigenous to federal law and, unlike plaintiff's claim in *Republic Pictures,* there are simply no clear analogues in state law. The claims cannot appropriately be classified as sounding in contract[6] or tort so as to invoke the statutes of limitations for those actions. Since Nebraska has no statute which parallels either § 1981 or § 1983, plaintiff's claims could not be controlled by the four-year statute of limitations for actions based upon a state statute. Neb.Rev. Stat. § 25–206. In short, plaintiff has failed to point out any "similarly situated" litigants who are given preferential treatment.

The *Republic Pictures* result was apparently motivated in part by the relatively short period of time prescribed for the institution of federal statutory actions. The court quoted the following language from *James Stewart & Co. v. Sadrakula,* 309 U.S. 94, 103–04, 60 S.Ct. 431, 435–436, 84 L.Ed. 596, 602–03 (1940):

> Where enforcement of the state law would handicap efforts to carry out the plans of the United States, the state enactment must, of course, give way.

151 F.2d 546.

Two of the three cases relied on by the Supreme Court in its per curiam affirmance of *Republic Pictures* relate to this point. One of the cases, *McKnett v. St. Louis & San Francisco Ry.,* 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227 (1934), held that state courts could not refuse to assume jurisdiction of a case merely because the case is based on a federal statute. The other case, *Miles v. Illinois Central R. R.,* 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129 (1942), noted that states may control their own courts but are not entitled to foreclose relief for litigants who are relying upon a federal statute. In a similar vein, the six-month

---

**6.** Although plaintiff asserts that his cause of action can be categorized as a contract action, the facts in this case belie this contention. He was given a one-year contract as a nontenured, probationary teacher. Plaintiff does not contend that defendants breached this particular

contract nor is plaintiff claiming that he is entitled to any benefits under that contract. Plaintiff, on the present record, did not possess any property interest in the renewal of his contract. *Board of Regents v. Roth,* 408 U.S. 564, 578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

limitations period in *Republic Pictures* may have been viewed as being so short that it would have the practical effect of barring many federal statutory actions. This short statute of limitations also evidenced an attempt by the Iowa legislature to severely restrict the enforcement of federal statutory rights to a degree far greater than the restrictions imposed on other rights of action.

■ The Nebraska statute under consideration here is of a different nature. It cannot be said that a three-year statute of limitations is unduly short. The limitations period for many tort actions in Nebraska is one year. Neb.Rev.Stat. § 25–208. Many courts in § 1981 or § 1983 actions have applied the abbreviated statute of limitations governing state tort actions. *Johnson v. Dailey, supra* (two-year statute of limitations); *Hooper v. Guthrie,* 390 F.Supp. 1327 (W.D.Pa.1975) (one-year statute of limitations). Section 25–219's three-year statute of limitations does not impermissibly restrict the enforcement of federal statutory rights since it affords litigants an adequate period of time to pursue their action.

A Tennessee statute similar to § 25–219 withstood a constitutional attack in *Johnson v. Railway Express Agency, Inc.,* 489 F.2d 525 (6th Cir. 1973), *aff'd on other grounds,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The Tennessee enactment prescribed a one-year statute of limitations for, *inter alia,* actions "brought under the federal civil rights statutes * * *." Tenn. Code Ann. § 28–304 (Supp.1974). The Sixth Circuit held that the application of this statute to plaintiff's action based upon §§ 1981, 1982 and 1983 violated neither the

equal protection nor due process rights of a litigant.[7] 489 F.2d at 531.

Since Neb.Rev.Stat. § 25–219 has not been shown to discriminate against plaintiff [8] and since it establishes a reasonable period of time to litigate federal statutory actions, we uphold its constitutionality. The existence of this type of statute alleviates many of the procedural problems confronting federal courts in civil rights cases. States have been encouraged to adopt such statutes. *Almond v. Kent,* 459 F.2d 200, 203 & n.3 (4th Cir. 1972). We do not read *Republic Pictures* so broadly as to preclude the adoption by the states of any statute of limitations relating to federal statutory actions. Accordingly, we apply § 25–219 to the instant case.

## IV

■ Plaintiff's contention that the statute of limitations should have been tolled while he was seeking administrative relief from H. E. W. pursuant to 42 U.S.C. § 2000d is without merit. The general law on this issue has been expressed in *Camacho v. United States,* 494 F.2d 1363, 1369, 204 Ct.Cl. 248 (1974):

> Where the filing of an administrative claim or other proceeding is not made a statutory prerequisite to suit but is only permissive, the statute of limitations is not tolled by the pendency of such a claim.

*See Soriano v. United States,* 352 U.S. 270, 274–75, 77 S.Ct. 269, 272–273, 1 L.Ed.2d 306, 310–311 (1957).

Plaintiff does not allege that H. E. W. review of his claims is a prerequisite to a § 1981 or § 1983 action. The remedies

---

7. The Supreme Court's limited grant of certiorari did not permit any consideration by that Court as to whether the Tennessee statute was properly applied in that case. 421 U.S. at 462 n.7, 95 S.Ct. at 1721, 44 L.Ed.2d at 302.

8. We express no view as to whether § 25–219 could be constitutionally applied against a plaintiff whose civil rights claim has a state law counterpart under circumstances similar to those in *Republic Pictures.* Plaintiff has suffered no constitutional violation under the facts of the present case and he has no standing to

attack the constitutionality of § 25–219 on hypothetical grounds.

> Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court.

*Broadrick v. Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973).

available under Title VI of the Civil Rights Act of 1964 on the one hand, and § 1981 and § 1983 on the other, are completely separate and independent. *Cf. Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 461, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295, 302 (1975). The Supreme Court, in *Railway Express Agency,* has held that the statute of limitations controlling § 1981 actions is not tolled while a complainant is pursuing administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. See Greene v. Carter Carburetor Co.,* 532 F.2d 125 (8th Cir. 1976). We think the principles of *Railway Express Agency* apply equally in the present case and hold that an individual's permissive resort to any H. E. W. remedies pursuant to § 2000d will not toll the statute of limitations applicable to any § 1981 or § 1983 claim.

We conclude that § 25–219 bars plaintiff's action and that the District Court properly dismissed the complaint.

AFFIRMED.