454 F.Supp. 534 (1978)
Bibian J. RENDON, Plaintiff,
v.
The UTAH STATE DEPARTMENT OF EMPLOYMENT SECURITY JOB SERVICE, Kurt Harding, Edgar Denny, Ralph Kroescher, Lorna Davis, Lonnie Ayers, Ralph Sandoval, Joann Campbell, Howard Vogeler and Michael Williamson, Defendants.
No. C-77-0024.
United States District Court, D. Utah, C. D.
April 7, 1978.
*535 Jose I. Ferran, Jr., Salt Lake City, Utah, for plaintiff.
Robert B. Hansen, Atty. Gen., Salt Lake City, Utah, for defendant Utah State Dept. of Employment Security Job Service.
Kay M. Lewis, Salt Lake City, Utah, for defendants.
ALDON J. ANDERSON, Chief Judge.
The issue presently before the court is whether Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-4, provides plaintiff with a private cause of action for general and punitive damages in the present employment discrimination action. On July 12, 1977, the court entered an order dealing with the motions filed up to that time pertaining to the six causes of action contained in plaintiff's complaint. The second cause of action is the only relevant cause of action for the present purposes since it is this cause which sets forth a claim pursuant to Title VI. In the order of July 12, the court granted defendants' motion for a more definite statement as to the second cause of action. On December 15, 1977, plaintiff filed his "Revised Amended Complaint" which clarifies the second cause of action based upon Title VI.
Plaintiff is a male citizen of the State of Utah and is of Spanish-American origin and ancestry. Plaintiff is now and has been since October 15, 1968, employed by the Utah State Department of Employment Security Job Service. Essentially, it is alleged that during this period of time plaintiff has been denied promotions on a number of occasions on the basis of his national origin and ancestry while persons with lesser qualifications and work experience have been granted promotions. Plaintiff also alleges that the defendant employer is a State agency presently receiving or participating in funds made available by the federal government, and that the alleged discriminatory acts have deprived plaintiff of benefits including, but not limited to, salary increases, retirement and other benefits associated with advancement within the defendant agency. In consequence of the alleged violation of Title VI, plaintiff prays for judgment against defendants in the amount of "at least" $250,000 for mental distress plaintiff has suffered as a result of the alleged discriminatory acts, for punitive damages against defendants in the amount of $250,000, and for such further and additional relief as this court may deem just and proper.
On December 15, 1977, defendants renewed their motion to dismiss plaintiff's second cause of action. The ground for the motion to dismiss is that, according to defendants, there is no private cause of action that provides the relief sought by plaintiff. Having fully and carefully considered the matters presented by defendants' motion to dismiss, the court is prepared to enter its ruling.
None of the case authority cited by the parties goes directly to the precise issue at hand. The cases that are set forth typically involve an action initiated by a private party or parties in which some form of injunctive or declaratory relief is sought in an effort to enforce compliance with Title VI. See, e.g., Green Street Assoc. v. Daley, 373 F.2d 1 (7th Cir. 1967); Hardy v. Leonard, 377 F.Supp. 831 (N.D.Cal.1974). The issues usually treated in these cases are issues that might appropriately be characterized *536 as standing issues. See, e.g., Schlafly v. Volpe, 495 F.2d 273 (7th Cir. 1974); Hardy v. Leonard, supra. And, it is clear from the many cases involving such issues, that in proper instances private parties can indeed maintain an action under Title VI in a role that could loosely but accurately be described as that of private attorneys general. Lau v. Nichols, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974); Serna v. Portales Municipal Schools, 499 F.2d 1147 (10th Cir. 1974).[1] The nature of such an action, however, differs markedly from the instant action. Here plaintiff is not attempting to directly enforce compliance with Title VI, nor is he seeking declaratory or injunctive relief. Rather, plaintiff is seeking compensation in the form of general and punitive damages for alleged injury through mental distress, which is tortious in nature.
Through its own research, the court has found only one case in which the issue of the availability of damages under Title VI was raised and resolved.[2] In Gilliam v. City of Omaha, 388 F.Supp. 842 (D.Neb.1975), a black woman contended that her civil rights had been violated and sought redress under Title VI. Before the merits of the case were discussed, the court made the following statement regarding its jurisdiction over the matter:
. . . the Court is faced with the initial question of whether or not it has subject-matter jurisdiction over an action seeking monetary damages for alleged employment discrimination under Title VI. This Court is not aware of any other suit arising under Title VI which has sought the recovery of monetary damages from the persons, organizations, or agencies administering federal financial assistance. However, it has been held that 42 U.S.C.A. § 2000d is merely a codification of the requirements of the equal protection clause of the Fourteenth Amendment of the United States Constitution and that essentially the same showing is required to establish a violation of Title VI as is required to establish a violation of the fourteenth amendment. [Citations omitted.] Of course, a citizen who has been denied the equal protection of the law by agents of the state can maintain an action for damages under 42 U.S.C.A. § 1981 et seq. [Citations omitted.] Consequently, the Court finds that it has subject-matter jurisdiction over this action.
388 F.Supp. at 847. This court concludes, however, that it can subscribe neither to the reasoning undertaken nor the result reached by the Nebraska court.
The legislative history of Title VI and the rules of statutory construction set forth in defendants' brief of June 30, 1977, compel the conclusion that a private cause of action under Title VI of the kind presently before the court is not cognizable. Plaintiff has available to him causes of action under several federal civil rights provisions which he has plead and which are capable of serving as a basis of some form of relief to plaintiff. These provisions adequately and more appropriately provide a basis for the relief sought by plaintiff. The clear concern and aim of Title VI is the prohibition of various forms of discrimination in federally funded programs in the manner specifically provided by the statute and to the limited extent recognized by judicial decision. It is not the purpose of Title VI to duplicate the means of relief already available and to provide a means of compensation for every conceivable injury or adverse reaction that arguably is in consequence *537 of a violation of the provision.[3] Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiff's second cause of action based upon Title VI of the Civil Rights Act of 1964 is granted.
NOTES
[1] The court notes that the 1976 amendment to 42 U.S.C. § 1988 provides for the allowance of attorneys' fees to "the prevailing party, other than the United States," in a civil action brought to enforce, or charging a violation of, a provision of Title VI of the Civil Rights Act of 1964. This evidences an intent on the part of Congress that certain private actions under Title VI are permissible.
[2] At least two other cases have indirectly recognized or discussed the issue of the availability of damages under Title VI, but have not dealt with the issue directly. See Chambers v. Omaha Public School District, 536 F.2d 222 (8th Cir. 1976) at note 2; Flanagan v. President & Directors of Georgetown College, 417 F.Supp. 377 (D.D.C.1976).
[3] It should also be noted that the present action may be distinguishable from Gilliam in the type of damages prayed for in the actions. It appears that the plaintiff in Gilliam was seeking the difference between the salary she received and the salary she should have received in the absence of the alleged discrimination, and such other closely related damages. The allowance of such damages under Title VI would be much more understandable and palatable than permitting the general and punitive damages sought in the instant action in consequence of the alleged mental distress of plaintiff. Moreover, the Eighth Circuit, which includes the District of Nebraska, has expressly stated that: "The issue of whether a monetary judgment can be obtained under Title VI has not been definitively resolved." Chambers v. Omaha Public School District, 536 F.2d 222 (8th Cir. 1976) at note 2.