Russell L. BERRY, Plaintiff,

v.

Kenneth L. ARTHUR, Richard H. Battey, James I. Deam, John A. Larson (whose correct name is John W. Larson), Lauren A. Lewis (whose correct name is H. Lauren Lewis), John E. Sutton, Jr., Leslie W. Jensen, Russell Peterson, James Dee (whose full name is James J. Dee), Celia Miner, Vincent Protsch, David Morrill, Richard D. Gibb, Robert DeZonia (whose full name is Robert H. DeZonia), Richard Bowen (whose full name is Richard L. Bowen), Hilton M. Briggs, Sherwood O. Berg, Orville Bentley (whose full name is Orville G. Bentley), Duane C. Acker, Delwyn Dearborn, Alfred L. Musson, Raymond A. Moore, Burton L. Brage, John T. Stone, Lloyd Glover, Jr. (whose correct name is Loyd Glover, Jr.), and John E. Thompson, Defendants.

Civ. No. 77–4043.

United States District Court,
D. South Dakota, S. D.

Aug. 6, 1979.

Lee R. Burd, Sioux Falls, S.D., for plaintiff.

David J. Figuli, Asst. Atty. Gen., Pierre, S.D., Deming Smith of Davenport, Evans, Hurwitz & Smith, and A. D. Sommervold of Woods, Fuller, Shultz & Smith, Sioux Falls, S.D., for defendants.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

The plaintiff in this action is Russell L. Berry, a professor at South Dakota State

University. The defendants include present and former members of the board of regents of the state of South Dakota, present and former commissioners of higher education of the state of South Dakota, present and former presidents of South Dakota State University, present and former deans of the College of Agricultural and Biological Sciences of South Dakota State University, present and former directors of the Agricultural Experiment Station of South Dakota State University, the Associate Dean of Resident Instruction of South Dakota State University, the Director of the Agricultural Extension Service of South Dakota State University, and the present and former heads of the Economics Department at South Dakota State University.

The plaintiff brings this action under 42 U.S.C. Section 1983 alleging two counts. The first count alleges that because of the plaintiff's exercise of his first amendment rights, the defendants deprived the plaintiff of promotions and salary increases. The second count alleges a denial of due process in administrative hearings which were initiated by the plaintiff to recover his allegedly deprived salary and gain the allegedly deprived promotions.

The defendants, collectively, and defendant Delwyn Dearborn individually, have filed a motion with this court to dismiss the action and to strike certain allegations in the plaintiff's complaint as to some or all of the defendants.

The defendants' motions are:

(1) that this court dismiss the plaintiff's complaint because it fails to state a cause of action since it is vague and conclusory and does not indicate the personal involvement of any particular defendant;

(2) that this court dismiss the plaintiff's complaint for failure to state a cause of action since the complaint does not state the date or dates on which any constitutional deprivation occurred;

(3) that this court dismiss the plaintiff's complaint because it fails to state a cause of action since there is no direct causal link shown between the official conduct of any defendant and the alleged constitutional deprivation;

(4) that this court dismiss the plaintiff's complaint for failure to state a cause of action since the action is in reality a suit against the state of South Dakota and the eleventh amendment bars such a suit;

(5) that this court dismiss the action against defendants Kenneth L. Arthur, Richard H. Battey, James I. Deam, John W. Larson, H. Lauren Lewis, Richard D. Gibb, Orville G. Bentley, Duane C. Acker, Alfred L. Musson, John T. Stone, and Loyd Glover, Jr., since those defendants were not in their official positions as of April 14, 1975, the date the statute of limitations allegedly runs in this cause of action;

(6) that this court dismiss the action against all of the nonregent defendants since none of them had the statutory authority to establish the plaintiff's salary or rank and the complaint only alleges that they made recommendations of the salary or rank of the plaintiff;

(7) that this court strike the plaintiff's claim for punitive damages since the complaint insufficiently alleges such damages; and

(8) that this court strike the plaintiff's prayer for judgment that his salary and rank be set at levels comparable with those of his peers of similar education and experience since the individual defendants have no authority to set such salary and rank of the plaintiff, that the defendants no longer in office have such authority, and that the action is in reality a suit against the state of South Dakota and thus barred by the eleventh amendment.

On a motion to dismiss, every allegation of the complaint is taken as true. The pleadings in a civil rights case are to be liberally construed, and a motion to dismiss in such a case should be granted only when it clearly appears that the plaintiff could prove no set of facts which would entitle him to relief. *Windsor v. Bethesda General Hospital,* 523 F.2d 891, 893 (8th Cir. 1975); *Munson v. Janklow,* 421 F.Supp. 544 (D.S.D. 1974), *aff'd,* 563 F.2d 993 (8th Cir. 1977).

## I

The defendants cite *Anderson v. Sixth Judicial District Court,* 521 F.2d 420, 420–21 (8th Cir. 1975), in support of the proposition that the vague and conclusory allegations in the plaintiff's complaint do not state a cause of action. In *Anderson,* however, the court was faced with prisoners' complaints which, for example, merely stated that

> The above Court absolutely denies litigants Due Process of Law by: Denial of properly brought motion for jury trial by litigants; refusal in open court to cite authority by statutes to place a citizen in a civil action under jurisdiction of a Probation Department; refusal in open court to cite authority by statutes for probation department to initiate legal actions against citizens in a civil suit. In effect State Courts manufactures [sic] criminals.

*Id.* In that case there were no facts alleged in the complaint and even given the liberality accorded *pro se* complaints, the court had no alternative but to dismiss for vague and conclusory allegations.

■ The present case is different. In taking the plaintiff's allegations as true, it appears that certain defendants set the salary of the plaintiff while other defendants made recommendations as to his salary. Further it appears that the plaintiff was not promoted by certain defendants to the rank of full professor as is normally and customarily done. It further is alleged that the defendants have collectively used the state processes for the establishment of wage and rank promotions to deprive the plaintiff because of his exercise of free speech.[1] The second count alleges that certain defendants have rejected the plaintiff's attempt to utilize the university administrative mechanism to resolve the problems. The plaintiff claims this action effectively deprived him of due process of law.

It may be that upon a more fully developed record the claims of the plaintiff will not withstand a motion for summary judgment under F.R.Civ.P. 56, but at this stage, dismissal for vague and conclusory allegations would be premature. Therefore, this court denies the defendants' motion to dismiss for failure to state a claim.

## II

■ The complaint states the dates of the alleged constitutional deprivations. The plaintiff alleges that he has been denied salary increases and promotions yearly since 1966. He further alleges that such deprivations were decided by certain defendants upon the recommendations of other defendants during each spring of the preceding year. In count two, the plaintiff alleges denial of due process of law when the regent defendants rejected the plaintiff's administrative efforts in September of 1973 and December 19, 1977.

The pleading of these material dates gives the defendants fair notice of the claims and the grounds upon which they rest. Therefore, this court denies the defendants' second motion to dismiss for failure to state a cause of action.

## III

■ It further appears from the portions of the plaintiff's complaint already set out that a direct causal link between the defendants and the alleged constitutional violations has been sufficiently pled. Therefore, this court denies the defendants' third motion to dismiss for failure to state a cause of action.

## IV

■ The eleventh amendment is no bar to this suit. The plaintiff has brought this action against the defendants individually under 42 U.S.C. Section 1983. When state officers act under state law in violation of the United States Constitution, the state has no power to impart to the defendants its immunity. If the plaintiff's allegations are true, the defendants are stripped of

---

[1.] Although not every civil right is a right derived or secured by the Constitution or Laws of the United States for purposes of Section 1983, a teacher's "assertion of constitutionally protected rights" does state a claim under 42 U.S.C. Section 1983, *Chase v. McMasters,* 573 F.2d 1011, 1017 n.5 (8th Cir. 1978), *cert. denied,* 439 U.S. 965, 99 S.Ct. 453, 58 L.Ed.2d 423.

their official character and subjected in their person to the consequences of their individual conduct. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1973). The eleventh amendment provides no shield for a state official confronted by a claim that he has deprived another of a federal right under color of state law. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

■ The defendants, however, are entitled to qualified immunity from damages. The Supreme Court in *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), discussed the circumstances under which school officials may be held liable individually for damages in a Section 1983 action. Although the case referred to a student's claim against school board members, it is likewise applicable where a teacher brings a Section 1983 claim.

> a school board member is not immune from liability for damages under Section 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights . . . or if he took the action with the malicious intention to cause a deprivation of constitutional rights . . . A compensatory award will be appropriate only if the school board member has acted with such an impermissible motivation or with such disregard of . . . clearly established constitutional rights that his action cannot reasonably be characterized as being in good faith.

*Id.* at 322, 95 S.Ct. at 1001. Although the plaintiff does not expressly allege that the defendants acted with "bad faith" in those words, the pleadings do allege wrongful salary and promotional treatment in violation of the plaintiff's first amendment rights which if proved could establish bad faith.

■ The defendants argue that the plaintiff's case is in actuality a claim against the state and barred by the eleventh amendment. If the action is in essence one for recovery of money from the state, the state is the real property in interest and is entitled to sovereign immunity. *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). The defendants rely on *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), to support their proposition that judgment will be paid by state funds. However, Berry is seeking damages under Section 1983 from the individual defendants and not welfare benefits as was sought in *Edelman* directly from the state treasury. It is not inevitable that the relief sought by Berry will be paid by the state as the Court felt was "inevitable," "certain," and a "must" in *Edelman.*

■ It cannot be assumed that when state officials are sued individually that the state can protect its officials from damage judgments. *See Smith v. Losee,* 485 F.2d 334 (10th Cir. 1973), *cert. denied* 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212 (1974). If such were the case no suit for damages against state officers sued individually for bad-faith actions would be allowed under Section 1983. This would certainly undermine the purpose of Section 1983 to provide redress against persons acting under color of state law who violate constitutional rights. The eleventh amendment is not applicable in this case where the suit is against defendants in their individual capacity. Accordingly, the court denies the defendants' motion to dismiss for failure to state a cause of action.

## V

■ No statute of limitations is specified in 42 U.S.C. Section 1983 actions. It is established in such actions that the federal court will apply the statute of limitation provision of the forum state that is most apposite to the claim asserted. *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Russ v. Ratliff,* 578 F.2d 221 (8th Cir. 1978); *Peterson v. Fink,* 515 F.2d 815 (8th Cir. 1975). The ultimate goal of the federal court should be to "apply the statute of limitations of the state where it sits which would be applicable to the most closely analogous state action." *Warren v. Norman Realty Co.,* 513 F.2d 730 (8th Cir. 1975).

Federal courts have applied a wide range of limitation provisions to civil right actions. The lack of uniformity is due to the variety in state statute of limitation provisions, the differing facts of the particular cases, and to different legal approaches in finding the most appropriate state statute.

The court in this case finds the most analogous state limitation statute to be SDCL 15–2–13(2). This provision provides a six year period for "An action upon a liability created by statute other than a penalty or forfeiture; excepting those mentioned in subdivision (4) and (5) of 15–2–15. . . . ."

The plaintiff's action exists by virtue of Section 1983. That statute is the sole source of his right of action. It is accordingly proper to apply the limitation fixed for actions based upon a "liability created by statute" to actions such as the plaintiff has brought under Section 1983 in South Dakota. Similar state limitation statutes have been "repeatedly borrowed" by federal courts in civil rights cases. *Shouse v. Pierce County*, 559 F.2d 1142 (9th Cir. 1977); *Clark v. Mann*, 562 F.2d 1104 (8th Cir. 1977); *Chambers v. Omaha Public School District*, 536 F.2d 222 (8th Cir. 1976); *Reed v. Hutto*, 486 F.2d 534 (8th Cir. 1973). Even *Glasscoe v. Howell,* 431 F.2d 863 (8th Cir. 1970), upon which the plaintiff places primary reliance, states that the appropriate statute of limitations in Section 1983 actions might be the limitations provision for actions "founded on any contract or liability." [2]

As the court has found SDCL 15–2–13(2) most applicable, it must reject the statutory provisions proposed by the plaintiff and the defendants. The defendants assert SDCL 15–2–15(5) to be the most analogous South Dakota limitation provision. SDCL 15–2–15(5) applies a two year limitation for "An action for wages or for a liability or penalty for failure to pay wages in accordance with the provisions of any contract or statute." Limitation provisions for wages similar to SDCL 15–2–15(5) have been rejected in similar Section 1983 actions. For example, in *Gordenstein v. University of Delaware*, 381 F.Supp. 718, 727 (D.Del.1974), the court found it clear that a teacher's claims under Section 1983 against the university and university officers for reinstatement and damages measured in terms of back pay are not claims "for wages for work, labor or personal services performed" under a one-year Delaware limitation statute. *Accord, Drake v. Southwestern Bell Telephone Co.*, 553 F.2d 1185 (8th Cir. 1977). Following the reasoning in these cases, this action can not be characterized solely as an action for wages. This is an action for a violation of constitutional rights. The plaintiff is merely claiming as one measure of his damages for his constitutional violation the difference between the salary the plaintiff was paid and what he allegedly should have been paid absent the constitutional violation. Plaintiff is also seeking a promotion to full professor.

The plaintiff, on the other hand, asserts SDCL 15–2–8(4), a general catch-all provision allowing a ten year limitation period for "An action for relief not otherwise provided for," to be appropriate. The court must reject this provision since a Section 1983 action is one to enforce a liability created by statute and SDCL 15–2–13(2) provides an action for this relief. The choice between statutes similar to 15–2–8(4) and 15–2–13(2) was also faced by the court in *Clark v. Mann*, 562 F.2d 1104 (8th Cir. 1977). In that Section 1983 action against school officials for various actions including promotion and salary treatment of teachers in violation of the first amendment, the court rejected the more general catch-all limitation period for one based upon a liability "created by statute." *Accord, Bire-*

---

**2.** The limitation period in South Dakota is also six years for an action upon a contract, obligation, or liability, express or implied. SDCL 15–2–13(1). Pennsylvania courts hold that any actions under Section 1983 involving the employer-employee context are subject to their six year contractual statute of limitations. *Cap v. Lehigh University*, 433 F.Supp. 1275 (E.D.Pa. 1977); *Groves v. Insurance Company of North America*, 433 F.Supp. 877 (E.D.Pa.1977); *Pinckney v. County of Northhampton*, 433 F.Supp. 373 (E.D.Pa.1976).

line v. Seagondollar, 567 F.2d 260 (4th Cir. 1977). Accordingly the limitation period of six years in 15–2–13(2) is adopted under these circumstances as the most analogous state statute.

The plaintiff further argues that the statute of limitations was tolled from March, 1969, until December 19, 1975, while he pursued certain administrative remedies. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), establishes that once a federal court borrows a state statute of limitations, it should generally also borrow the related provisions pertaining to tolling as interpreted under state law unless such an unmodified borrowing would be inconsistent with a strong federal policy under the federal cause of action. The plaintiff does not fall within any provision of the South Dakota statutes providing circumstances tolling the statute of limitations. Where there is no provision in the state statutes for tolling the statute of limitations, it is not tolled. Williams v. Hollins, 428 F.2d 1221 (6th Cir. 1970); Williams v. Walsh, 558 F.2d 667 (2d Cir. 1977).

■ Also, no federal policy is frustrated by failing to toll the statute of limitations. The plaintiff was not required to exhaust his administrative remedies before filing this 42 U.S.C. Section 1983 action. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Gilliam v. City of Omaha, 459 F.2d 63 (8th Cir. 1972). "Where the filing of an administrative claim or other proceeding is not made a statutory prerequisite to suit but is only permissive, the statute of limitations is not tolled by the pendency of such a claim." Camacho v. United States, 204 Ct.Cl. 248, 494 F.2d 1363, 1369 (1974), quoted in Chambers v. Omaha Public School District, 536 F.2d 222, 230 (8th Cir. 1976). See, Soriano v. United States, 352 U.S. 270, 274–75, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). In Chambers the Eighth Circuit held that an individual's permissive resort to HEW administrative remedies did not toll the statute of limitations applicable to any Section 1983 claim. This court must likewise conclude that Berry's permissive resort to the Board of Regents' administrative remedies did not toll the six year statute of limitations applicable to this Section 1983 claim.

■ The plaintiff filed his complaint on April 14, 1977. Applying the six year statute of limitations provision of SDCL 15–2–13(2), absent any tolling, the plaintiff is entitled to recover for acts and omissions occurring on or after April 14, 1971. Accordingly, Orville G. Bentley, Dean of the College of Agricultural and Biological Sciences from 1959–1965, and Loyd Glover, Jr., Head of the Economics Department from 1960–1966, are dismissed from plaintiff's action.

## VI

The defendants also seek to dismiss the action against all the nonregent defendants since none had the statutory or constitutional authority to establish the plaintiff's salary or promotional rank and the complaint alleges that these defendants only made recommendations to the Board of Regents.

This court acknowledges that these defendants did not have authority to ultimately determine the salary and rank of the plaintiff under Article XIV Section 3 of the South Dakota Constitution or SDCL 13–49–14. However, to hold that the nonregent defendants should be relieved from the effects of any wrongdoing because they did not bear ultimate responsibility for the decisions which allegedly injured the plaintiffs is misreading the intent behind 42 U.S.C. Section 1983.

Section 1983 provides that "(e)very person who, under color of any statute [of any state] . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . .". Section 1983 does not suggest that liability will be only upon those who bear ultimate responsibility for performing an act.

In Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978), a Section 1983 action was

brought by a prisoner against officials who allegedly caused him to forfeit wages earned for prison duties. Defendant Duffy, who did not participate in the decision to forfeit the plaintiff's wages, was also sued. The court there stated:

> [P]ersonal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

*Id.* at 743–44.

The defendants cite three district courts that hold recommendations alone insufficient cause as a matter of law. *Needleman v. Bohlen*, 386 F.Supp. 741 (D.Mass.1974); *Fanning v. School Board of Independent School District No. 23*, 395 F.Supp. 18 (W.D. Okl.1975); *Vanderzanden v. Lowell School District No. 71*, 369 F.Supp. 67 (D.Or.1973). The Eighth Circuit, however, has suggested that recommendations alone may in some circumstances establish the causal connection for Section 1983 actions. In *Sullivan v. Meade Independent School District No. 101*, 530 F.2d 799 (8th Cir. 1976), and again in *Strickland v. Inlow*, 485 F.2d 186, 191 (8th Cir. 1973), vacated on other grounds and remanded *sub nom. Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), the court dismissed school officials who did not personally participate in the voting decisions *or recommend* the complained of dismissal.

■ The plaintiff alleges that the defendants who were regents have expressly elected to rely upon decisions made by the nonregent defendants. The court cannot conclude as a matter of law that the nonregent defendants did not "cause" the plaintiff's injury. Accordingly, the defendants' motion in this regard is also denied.

## VII

■ A plaintiff is entitled to punitive damages in a civil rights action where the defendant exhibits "oppression, malice, gross negligence, wilful or wanton misconduct, or reckless disregard for the civil rights of the plaintiff." *Guzman v. Western Bank of Devils Lake*, 540 F.2d 948 (8th Cir. 1976). We do not suggest that the plaintiff ultimately will be able to prove facts entitling him to actual or punitive damages or even that summary judgment procedure may not develop a lack of liability under Section 1983. In view of the liberality granted Section 1983 actions, the complaint does contain sufficient allegations to withstand a motion to dismiss.

## VIII

■ The defendants also seek to strike the plaintiff's prayer for judgment that his salary and rank be set at levels comparable with those of his peers. The court does have the authority to grant such a judgment where the plaintiff charges that state officials are depriving him of constitutional rights. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Griffin v. County School Board*, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). The court can order officials of the state to cease depriving the plaintiff of the rank of full professor and accompanying salary increases if such deprivation is because of his free expression on controversial issues. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, reh. denied 338 U.S. 840, 70 S.Ct. 31, 94 L.Ed. 514 (1949). Under the reasoning of *Edelman v. Jordan*, this prayer for judgment involves prospective relief and therefore even though it may involve future state expenditures for an increased salary it is not considered an action against the state and is not a judgment forbidden by the eleventh amendment. This motion to strike is also denied.

■ Defendants Orville G. Bentley and Loyd Glover, Jr., are dismissed from the action since they were not in their official positions on April 14, 1971, the expiration

**436**

date of the statute of limitations. The defendants' motions to dismiss and strike are denied in all other respects.

Counsel for the plaintiff will prepare an order in accordance with this opinion.